YOUNG (BAILEY WASH. MACH. CO. v.).
See Case No. 751.

YOUNG (BANK OF ALEXANDRIA v.).
See Case No. 857.

---

## Case No. 18,152.

### YOUNG et al. v. BELL et al.

[1 Cranch, C. C. 342.] [1]

Circuit Court, District of Columbia. July Term, 1806.

#### INFANCY AS DEFENSE—PLEADING.

Infancy cannot be given in evidence upon the plea of nil debet to an action of debt on a promissory note in Virginia. The promissory note of an infant is voidable, but not void.

[Cited in Hyer v. Hyatt, Case No. 6,977.]

Debt on a promissory note. The defendants [Bell & Wray] pleaded nil debet, and offered evidence of infancy in support of the plea.

Mr. Youngs, for plaintiff. There is a difference between contracts void and voidable. This note was not void, but voidable. If infancy be pleaded, the plaintiff may reply that it was given for necessaries. The plaintiff ought to have notice of the defence, that he may be prepared to rebut it by evidence of necessaries furnished. or that the defendant was of age, or that after full age, he acknowledged the debt. If not pleaded, notice ought to be given, as in cases of set-off. It is not a defence of which the plaintiff can have knowledge, as in the case of limitations, which the court has decided cannot be given in evidence on nil debet. The act of assembly (Rev. Code, 36, § 3), has made a note a substantive cause of action of debt.

F. L. Lee and E. J. Lee, contra. The plaintiff must prove his debt. Whatever shows

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

there is not a debt is good evidence on this plea. A promise of an infant is absolutely void. A contract must imply an assent, but he cannot assent. Nil debet is a good plea where there is no debt. 3 Com. Dig. 165; 5 Com. Dig. 240. Infancy may be given in evidence on non assumpsit (Darby v. Boucher, 1 Salk. 279), although it is otherwise in case of a deed (Zouch v. Parsons, 3 Burrows, 1805; Whelpdale's Case, 5 Coke, 119). A promise of an infant is as void as a bond of a feme covert. It is clear that on non assumpsit it may be given in evidence. Gilb. Ev. (Old Ed.) 164. There is a difference between non est factum and non assumpsit. On the latter plea it may be given in evidence. Solemn contracts, which require delivery, are voidable only; but simple contracts are void. If plaintiff can show that the note was given for necessaries, he may do it on nil debet. The general principle is, that infancy may be given in evidence on the general issue. 1 Salk. 278; Buller, 152; Gilb. Com. Pl. 64, 65; Loft's Gilb. Ev. 368, 369; 4 Bac. Abr. 61; 1 Sid. 51; 12 Vin Abr. 76.

Noblet Herbert, in reply. In cases of usury and coverture, the instrument is absolutely void. But in case of infancy, it is only voidable. There is a difference between a note and an account. A note reduces the matter to a certainty, but an account does not. The act of Virginia, also, which gives an action of debt upon a promissory note, makes a difference, and puts it on the ground of a specialty. The authorities, which say it may be given in evidence on the general issue, mean in actions of assumpsit, not in actions of debt. See Trueman v. Hurst, 1 Term R. 40; Crantz v. Gill, 2 Esp. 472; Clare v. Earl of Bedford, 1 Strange 168; 13 Vin. Abr. 536; 2 Strange, 1101.

THE COURT, having taken time to consider, decided (nem. con.) that infancy cannot be given in evidence, on the plea of nil debet to an action of debt on a promissory note, being of opinion that it is not void, but voidable. See Hyer v. Hyatt [Case No. 6,977], at Washington, December, 1827.