HYDE PARK (NORTHWESTERN FERTILIZING CO. v.). See Case No. 10,336.

## Case No. 6,976.

HYER et al. v. HYATT et al.

[2 Cranch, C. C. 633.] [1]

Circuit Court, District of Columbia. Dec. Term, 1825.

ACTION AGAINST TWO DEFENDANTS — CONFESSION OF JUDGMENT BY ONE—SETTING ASIDE FOR IRREGULARITY—CONSOLIDATION OF CASES.

In an action against two defendants, if one be taken and issue be joined, and plea waived,

and judgment confessed against him after the other has been taken, and before the cause is at issue against him, the judgment may be set aside for irregularity, and the two cases consolidated, and the issues made up and set for trial.

This was a joint action against Hyatt and Wilson. Hyatt was first taken. Afterwards, upon an alias capias, Wilson was taken; and, while his case was standing on the imparlance-docket, judgment was confessed by Hyatt, and accepted by the plaintiff, by mistake, not being aware at the time that Wilson had been taken.

Mr. Key and Mr. Dunlop, for plaintiffs, now moved that the judgment against Hyatt should be set aside for irregularity, the continuance entered up, agreeably to the act of assembly of Maryland of November, 1787 (chapter 9, § 6), and the actions consolidated and set for trial.

Mr. Jones and Mr. Lee, contra.

THE COURT (MORSELL, Circuit Judge, absent) granted the motion.

## Case No. 6,977.

HYER et al. v. HYATT et al.

[3 Cranch, C. C. 276.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

INFANCY—CONTRACTS — RATIFICATION AFTER SUIT BROUGHT—NECESSARIES.

1. No contract of an infant is so absolutely void that it cannot be confirmed and made valid by the infant at full age.

2. An acknowledgment, after suit brought, will not avail the plaintiff, although made by the defendant after full age.

3. All contracts by infants are voidable, except for necessaries; and even then the plaintiff can only recover the value of the articles furnished; the infant not being competent to bind himself absolutely as to the price.

[Cited in Young v. Bell, Case No. 18,152.]

Assumpsit upon the defendant's acceptance of an inland bill of exchange drawn July 1, 1815, by one Okeley at New York, on the defendants at Georgetown, District of Columbia, for $645.73 at six months after date, accepted on the 20th of July, 1815. The defendants pleaded severally non assumpsit, and the defendant Hyatt, at the trial relied upon his nonage at the date of the acceptance; to rebut which the plaintiffs [Hyer and Bremner] showed by the record in this case, that the defendant, after the commencement of the suit, and after he was of full age, confessed judgment, which was set aside upon the plaintiffs' motion, for irregularity, inasmuch as the other defendant, Wilson, had been taken but had not yet pleaded, and the cause as to him stood upon the imparlance docket, so that the cause as to Hyatt, ought to have been carried back and consolidated with that of Wilson. The

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

plaintiffs also relied upon the defendant Hyatt's acknowledgment of the debt in his schedule filed with his petition for the benefit of the insolvent act, after his full age, but since the commencement of this suit.

Mr. Morfit, for defendant Hyatt, contended that his acceptance of the bill, while under age, was absolutely void (not voidable only,) and was no consideration for a new promise, much less for a mere acknowledgment. That if the acknowledgment amounted to a promise, it was a mere nudum pactum. He contended also, that an acknowledgment or promise, after the commencement of the suit, could not support the action of the plaintiff, who must recover, if at all, upon his cause of action as it existed when he commenced his suit. He cited Davis v. Dodd, 4 Taunt. 602; Pierson v. Hutchinson, 2 Camp. 211; Thornton v. Illingworth, 2 Barn. & C. 824.

Key & Dunlop, for plaintiffs, cited Swasey v. Vanderheyden, 10 Johns. 33; Fenton v. White, 1 South. [4 N. J. Law] 100; Whitney v. Dutch, 14 Mass. 457; 4 Starkie, Ev. 723, 724.

The jury found a verdict for the plaintiffs, by consent, subject to the opinion of the court upon the points suggested in the argument of the defendant's counsel, namely: (1) Whether the acceptance of the bill was absolutely void as to the defendant Hyatt, by reason of his nonage, so that a new promise at full age to pay the acceptance would be nudum pactum; and (2) whether a new promise or acknowledgment, made after the commencement of the suit, would support the present action.

Before CRANCH, Chief Judge, and MORSELL and THRUSTON, Circuit Judges.

CRANCH, Chief Judge. I am inclined to think that no contract entered into, by an infant, is absolutely void, although all contracts by infants, except for necessaries, are voidable. There are some dicta that contracts made by an infant to his prejudice, are void, not voidable; but I doubt whether, in law, there be any difference as to validity, between those which are beneficial, and those which are prejudicial to the infant; both are voidable, but neither is absolutely void. There is no case in which it has been decided that a contract between an infant and an adult can be avoided by the adult, upon the ground of the infancy of the other party. If the contract were absolutely void, neither party would be bound. The question whether the contract be prejudicial to the infant, is a question of fact, not of law, and is too uncertain to become the test of the validity of the contract. It is a question which depends upon many circumstances, and cannot always be ascertained at the time of the contract.

In Baylis v. Dineley, 3 Maule & S. 477, it was held by the court of K. B. that a bond by an infant in the penalty of £100 to pay £50 with interest was clearly, upon the face of the instrument, to the prejudice of the infant, and that it could not be confirmed by parol so as to give it effect. The action, in that case, was upon the bond. Plea, infancy. Replication, that the defendant, after full age, "assented to, ratified and confirmed the said writing obligatory." Demurrer, and joinder; and judgment for the defendant on the demurrer. The court did not say that the bond was absolutely void; but that it could not be set up as a bond, by a parol confirmation. In the argument of the case, Campbell, for the defendant, contended that the bond was void ab origine and could not be ratified in any way. He cited Com. Dig. tit. "Enfant," c. 2; Bac. Abr. "Infancy," 1; Bull, N. P. 182; Ayliff v. Archdale, Cro. Eliz. 920; Delavel v. Clare, Noy, 85; Edmonds v. Barton [Godb. 138], cited in Stone v. Wythipol, Cro. Eliz. 127, and Thompson v. Leach, 3 Mod. 310.

The 1st case cited by Comyns (C, 2) is Lane v. Cowper (17 Eliz.) Moore, 103, which case was several times argued, and at length by all the judges in bank openly. The 7th question was: "Whether the lease of an infant, without rent reserved, be void, or voidable; and they all, except Gawdy, agreed that it is void, because there is no consideration; but if rent had been reserved, it would have been only voidable. So a feoffment made with the proper hand of an infant, is only voidable: and they said that any stranger might take advantage of this," (that is, the want of consideration) "by way of allegation, evidence or otherwise."

2. The 2d authority cited by Comyns is Perkins ("Grant," 13), who says, "that all gifts, grants, or deeds made by an infant, which do not take effect by delivery of his hand, are void. But gifts, grants, or deeds made by an infant by matter in deed or in writing, which take effect by delivery of his hand, are voidable by himself and his heirs, or by those which shall have his estate. And therefore, if an infant make a deed of feoffment, and a letter of attorney to a stranger, to make livery of seizin, and he makes livery of seizin by force thereof, he shall be taken for a disseizor. And if an infant, being seized of a curve of land, grant a rent-charge to be issuant out of the same curve, by deed, and the grantee distrain, he shall punish him as a trespasser, notwithstanding that the infant did deliver the deed with his own hand. But in such case, the infant, nor his heir, nor his feoffee, cannot, against such a deed in pleading, say that he did not grant by the deed; for that the deed is not void, but voidable; as to say that the grantor was within age, &c. at the time of the grant, &c." "And an infant shall be bound by all acts done by him, during his nonage, which acts are for his advantage, unless in some special cases" See Perkins, "Grant," 12–14.

3. The 3d authority cited by Comyns is

Thompson v. Leach, 3 Mod. 310. The question in that case was, whether a deed of surrender, by a person, non compos mentis, was absolutely void as against the remainderman, so as to destroy the intermediate estate which was to support the contingent remainder; or whether it was voidable only by himself and his heirs. "It was likened to the case of infancy;" and the court said: "There are express authorities that a surrender by an infant is void." Lloyd v. Gregory, Cro. Car. 502. "If an infant grant a rent-charge out of his estate, it is not voidable, but ipso facto void; for if the grantee should distrain for the rent, the infant may have an action of trespass against him." "In all these cases which have been cited, where it is held that the deeds of infants are not void, but voidable, the meaning is, that non est factum cannot be pleaded, because they have the form, though not the operation of deeds, and therefore are not void upon that account, without showing some special matter to make them of no efficacy. Therefore, if an infant make a letter of attorney, though it is void in itself, yet it shall not be avoided by pleading non est factum, but by showing his infancy. Some have endeavored to distinguish between a deed which gives only authority to do a thing, and such which conveys an interest by delivery of the deed itself, that the first is void, and the other voidable; but the reason is the same to make both void; only where a feoffment is made by an infant, it is voidable because of the solemnity of the conveyance."

4. In the case of Lloyd v. Gregory, cited above from Cro. Car. 502, "all the court held that a surrender of an infant cannot be by deed, but it is absolutely void; and that a surrender, by acceptance of the second lease, is void because it is without increase of his term, or decrease of his rent; and where there is not an apparent benefit, or the semblance of a benefit, his acts are merely void; and here is no benefit nor appearance of any to the infant, for he hath no manner of advantage thereby, but cause of quarrelling, by this lease." But see Zouch v. Parsons, cited below, and Bac. Abr. by Gwillim, tit. "Infancy and Age," pl. 1, 2, 3, etc. See, also, the following cases:

Monnings v. Knoppe, 1 Roll. Abr. 18, pl. 2. If an infant enter into an obligation to pay a certain sum of money. and the obligee bring debt upon the obligation, and procure a latitat to arrest him, and the obligor being of full age, and knowing this, say to the obligee, that if he would not arrest him, he will pay the money, this is no consideration to maintain the action, inasmuch as the infant might have avoided the obligation by plea.

Hill v. Whittingham, 1 Roll. Abr. 729, pl. 15. If an infant be a mercer and buy goods to sell again, he is not chargeable upon the contract.

Williams v. Harrison, Carth. 160. So if he give a bill of exchange.

Manby v. Scott, 1 Mod. 137. Judge Hide's dictum cites 21 Hen. VII. pl. 39; 26 Hen. VIII.· pl. 2. If an infant give or sell goods and deliver them with his own hand, he shall have no action of trespass against the donee, or vendee, by reason of the delivery; but if an infant give or sell goods, and donee or vendee takes them by force of the gift or sale, the infant may have an action of trespass against him.

Brooke, Abr. "Coverture and Infancy," pl 1. "Nota per curiam. If an infant grant an advowson by his deed, and at full age confirm the same grant, yet it is of no value, for the first grant was void. But if he give goods, and deliver them with his own hands, trespass does not lie. The same law of feoffment, and livery by the infant himself, and not by attorney, it is voidable and not void. Note the diversity; and so see that the delivery of the deed of an infant is not like the delivery of land or goods by him. 26 Hen. VIII. pl. 2."

Brooke, Abr. "Coverture and Infancy," pl. 26. "Vide tit. 'Trespass.' The gift of an infant is void; and yet if he deliver the goods to the donee, this is a good excuse in trespass; contrary if the donee take them by virtue of the gift; and the law appears to be the same where the infant makes a feoffment, and makes livery in person. E contra, if he make a letter of attorney to make livery, who does it, trespass lies. 22 Hen. VI. pl. 3." Id. pl. 28. "Debt. Per Brudnel: If an infant make an indenture, and at full age bind himself to perform it, he shall not avoid the indenture. And if an infant sell a horse for £10, and bring debt for the £10 at full age, he shall not avoid the contract; and the law is the same if he make a lease, reserving rent, within age, and accept rent at full age. 14 Hen. VIII. pl. 29." Id. pl. 12. "Dum fuit infra aetatem was brought of a rent, (tit. 'Dum Fuit Infra Aetatem,' 1,) and so see that the grant of an infant is not void, as it is there admitted; and by Kirton, if an infant within age, seized of rent, purchase the land, &c. and aliene the land within age, he shall have election, whether he will demand the land or the rent; which was not denied. 46 Edw. III. pl. 33, 34."

Brooke, Abr. tit. "Dum Fuit Infra Aetatem," 1, referred to as above. "The writ of dum fuit infra aetatem was brought of land and rent, against the alienee of the father of the demandant. And note here, that the writ was admitted to lie of the rent; and yet some say that the grant of an infant is void, and not voidable; which is not so, as is here apparent; for then action would not lie; and also the delivery of the deed cannot be void, but voidable. 46 Edw. III. pl. 34."

Brooke, Abr. tit. "Coverture and Infancy," pl. 40, "Mort d'Ancestor." "It was clearly held that a release by an infant of all his

right in land, of which he was never seized, is void, so that another who is of the half-blood, shall have the land as heir of their common ancestor, if he who released, die without issue; but otherwise it is said of a feoffment: the reason of which diversity seems to be the livery of the land: this is only voidable, the other is void. 34 Ass. pl. 10."

Brooke, Abr. tit. "Trespass," pl. 338. "Per Brian and Littleton, justices. If an infant lease his land for years, where there is no livery, and the lessee enter, the infant shall have trespass without reëntry, for it is void as to the infant, where there is no livery. And where he sells his goods, he may elect to have debt upon the sale, or debt for the rent reserved upon the lease, or to have trespass for the land or goods, for it is void at his election. But where the infant delivers a horse, or bails goods, trespass does not lie. And if an infant make exchange, he shall have assize; and e contra if it be by deed and livery of seizin, for there is a livery; and this livery ought to be made by himself; and e contra where it is made by attorney. But where action is brought against an infant, there he may plead nonage. 18 Edw. IV. pl. 1, 2."

In the case of Zouch v. Parsons, 3 Burrows, 1803, 1804. The judges were all of opinion that a conveyance made by an infant mortgagee to a third person, at the request of the mortgagor, who had redeemed the property, bound the infant. The court also agreed with Perkins, (section 12) that the deeds of infants which do not take effect by delivery of his hand, are void; but that those which do take effect by delivery of his hand are voidable by himself, by his heirs, and by those who have his estate. That there is no difference in this respect between a feoffment, and deeds which convey an interest. The reason is the same. Littleton (section 229) says they all serve for nothing, "and may be avoided." Lord Mansfield, in 3 Burrows, 1805, says: "An infant, and they who stand in his place, cannot plead non est factum and give the infancy in evidence; but they must plead the infancy specially, to avoid the deed; and that plea avoids it by relation back to the delivery. The reason of this is, because it has an operation from the delivery, and not because it has the form of a deed," as stated in Thompson v. Leach, 3 Mod. 310. He says further, in pages 1806, 1807, that a lease by an infant by deed, upon which no rent is reserved, is not absolutely void; nor is a surrender by an infant. See, also, Bac. Abr. by Gwillim, tit. "Infancy and Age," I. 1, 2; Forrester's Case, 1 Sid. 41; Farnham v. Atkins, Id. 446; Davies v. Manington, 2 Sid. 109; 2 Roll. Abr. 21, e. 10, "Faits," A.; Ball v. Hesketh, Comb. 381; Southerton v. Whitlock, Strange, 690; Whitney v. Dutch, 14 Mass. 457; 4 Starkie, Ev. 725.

In Thornton v. Illingworth, 2 Barn. & C.

824, the action was assumpsit for goods sold to the defendant, for the purpose of trade. Plea, infancy. Replication, that the defendant ratified the contract after he came of age. The question was whether evidence of a new promise, made after the commencement of the action, would support the issue on the part of the plaintiff. The counsel for the defendant were stopped by the court; and in taking the distinction between the plea of infancy and of the statute of limitations, Bayley, J., said: "In the case of an infant, a contract made for goods for the purposes of trade, is absolutely void; not voidable only." "If he makes a promise after he comes of age, that binds him, upon the ground of his taking upon himself a new liability, upon a moral consideration existing before; it does not make it a legal debt from the time of making the bargain." Holroyd, J., said: "Here no ground of action, capable of being enforced in a court of law, existed at the time when the action was brought: there was no foundation upon which the action could rest. The new promise was the sole ground of action, and not the revival of an old one." Littledale, J., said: "When the statute of limitations is relied upon, an acknowledgment admits the perpetual existence of the debt; and therefore it suffices, whether it is made before or after the bringing of the action. But the contract of an infant, under such circumstances as the present, being void, and not voidable, the promise, in this case, did not prove that any legal cause of action existed at the time when the cause of action was commenced." The dicta of Judges Bayley and Littledale, that the contract of an infant for the purpose of trade "was absolutely void, not voidable only," are in direct contradiction to the whole current of English decisions. There is not, I believe, a previous case to be found in which such a contract has been decided to be so absolutely void that the infant, when he arrives at full age cannot confirm it; and I am strongly inclined to think, as I have before observed, that no contract by an infant is absolutely void by reason of infancy alone; but that they are all voidable, unless for necessaries; and that even on a contract by an infant for necessaries, the plaintiff can only recover their value, the infant not being competent to bind himself absolutely as to the prices. Chit. Bills, pt. 1, p. 20, c. 2.

In the present case of Hyer and Bremner v. Hyatt and Wilson, I am of opinion that the acceptance of the draft by the infant, for a valuable consideration, and his moral obligation to pay it are a good consideration of a new promise made after his full age; but that a promise made after the commencement of the action (and a fortiori, an acknowledgment), cannot be given in evidence, or if given, cannot alone support the issue on the part of the plaintiff.

THE COURT upon this last ground, name-

ly, that a promise made after the commencement of the suit, would not support the present action, rendered judgment upon the verdict for the defendant Hyatt.

MORSELL, Circuit Judge, dissented upon the last point.

See Ford v. Phillips, 1 Pick. 202; Gibbs v. Merrill, 3 Taunt. 307; Burgess v. Merrill, 4 Taunt. 468; 1 Tuck. Bl. Comm. 465; Young v. Bell [Case No. 18,152].