## CULBERTSON *v.* TOWNSEND.

In assumpsit against a surviving partner, for goods sold to the firm, it is not necessary to notice the deceased partner in the declaration, but if it is done, the rules of pleading require a negative in the breach of payment by the deceased.

The want of such negative can not, however, be objected to after verdict.

Where the declaration contains a good count, corresponding with the breach, the judgment will not be reversed on account of the inapplicability of the breach to other counts.

ERROR to the *Knox* Circuit Court.

HOVEY, J.—Assumpsit. The declaration contains two counts for goods sold and delivered. The first states that the trees, which are the subject-matter of this suit, were sold and delivered to *Samuel Culbertson*. The second

count states that the trees were sold and delivered to Samuel and Isaac Culbertson, and that Isaac having departed this life, Samuel undertook and promised to pay, &c. General breach, that Samuel had failed and refused to pay, without making any negative averment that Isaac had failed to pay during his lifetime. Plea, the general issue, with notice of set-off, and verdict and judgment in favor of the plaintiff below for 865 dollars.

The plaintiff in error insists that the judgment should be reversed for three reasons—

The first is, that the breach does not negative the payment by Isaac Culbertson, deceased.

Where actions are brought against a surviving partner, in cases like this, it is not necessary to notice the deceased partner in the declaration; but having done so, the rules of pleading would require a negative in the breach as to the payment by the deceased. The failure to make such negation would be open to demurrer; but such objection comes too late after verdict. 1 Peters 68. But this position would be untenable, were the law otherwise, under the state of the pleadings, as there is one good count in the declaration which fully corresponds with the breach. R. S. 1843, p. 732, s. 322.—Newell v. Downs, 8 Blackf. 523.

The second and third points presented in argument deny Townsend's right to maintain this action, on the ground that the facts will not sustain the declaration—

1. Because Townsend could not waive the tort and recover in this form of action; and,

2. Because the Culbertsons cut the timber as the servants of the Wabash Navigation Company, which, it is alleged, is alone responsible under its charter. We do not think the evidence sufficiently clear to justify this Court in passing upon the second and third points raised in argument.

The Culbertsons were to finish and complete certain locks for the company, and were to be paid for work and materials furnished in the construction of the same, upon estimates made by the engineer of the company.

Thomas A. Smith, a witness for Culbertson, says he "was

(margin: Nov. Term, 1854. CULBERTSON v. TOWNSEND.)

Nov. Term,
1854.

acquainted with the character of the timber sold by *Town-send* to *Culbertson*," and describes it.

*Henry Utter*, on behalf of *Culbertson*, testifies to a conversation had between himself and *Townsend*, in which he says *Townsend* said, that "he had made a donation of the timber for the mitre-sills and lock-gates, and that the rest of the timber he was to have pay for."

The timber was used in the construction of the locks, and *Culbertson* received partial payment for the same before this suit was brought. The contract between the company and the *Culbertsons* shows that the company did not intend to make itself responsible for either work or materials in constructing the locks, to any other person or persons than the *Culbertsons*. The testimony is voluminous and somewhat conflicting, and one phase of it might devolve upon us the necessity of investigating the complicated questions involved in the second and third points presented by the plaintiff; but from the whole testimony, we can not say that the jury might not reasonably presume the existence of a contract between the parties in regard to the trees.

Such being the character of the testimony, it is not necessary that we should decide the points secondly and thirdly presented by the plaintiff.

*Per Curiam.*—The judgment is affirmed with costs.

*O. H. Smith* and *S. Yandes*, for the plaintiff.

*S. Judah*, for the defendant.

