# IN GENERAL TERM, 1874.

## John L. Hammons *v.* Margaret F. Espy and John C. Vinnedge, Appellant.

If, in the purchase of real estate, made upon representations of the seller, where the buyer is without knowledge of the correctness of the representations, a material statement is in fact false, and is uttered for the purpose of inducing the buyer to rely upon the statement as true, and he does so rely and act, and is thereby prejudiced, it has the whole effect of fraud in vitiating the contract, though the person uttering the statement, did not know it to be false, but believed it to be true.

One who sells property on his description, must make good, in all things, his statements, and if it be untrue in a material point, he is liable for that variance, though occasioned by a mistake, upon the ground that the party selling property is presumed to know whether the representations he makes are true or false.

Where a complaint has one good paragraph, and there is a general finding and judgment upon the complaint, it will be presumed to be upon the good paragraph.

*J. A. Holman,* for appellant.
*Byfield & Howe,* for appellee.

Blair, J.—The first paragraph of the complaint alleges, that on the 30th day of January, 1873, the plaintiff was the owner of certain real estate in Bartholomew county, in this State, of the value of two thousand dollars, which was mortgaged to secure the payment of three hundred dollars, and at the same date the defendant, Margaret Espy was the

owner of lots thirteen and nineteen, in Smith & Purcell's sub-division of lots eight, and nine, in Jones' sub-division of section 37, township 16, in range 3, in the city of Indianapolis, upon each of which lots there was an incumbrance of seventy-one dollars, and fifty-two cents, and to induce the plaintiff to exchange his real estate for the real estate of the defendant, the defendants, Espy and Vinnedge, falsely represented the lots owned by the defendant Espy, to be situated within one, and one fourth miles northwest from the circle, in the city of Indianapolis, and adjoining the populous part of said city, and within a few rods of several manufacturing establishments, and relying upon said representations, the plaintiff says he did exchange his real estate with the defendant Espy, the plaintiff agreeing to assume the incumbrances on the lots in Indianapolis, and the defendant agreeing to assume the incumbrance upon the Bartholomew county property by the plaintiff to the defendant Espy, and the plaintiff alleges that the lots conveyed by the defendant Espy to him, were situated four and one-fourth miles from the circle, were not adjoining populous parts of the city, nor within a few rods of any manufacturing establishments, and were not worth more than $100 each, whereas lots located as they were represented to be, would have been worth one thousand dollars each, wherefore plaintiff claims damages, &c.

The second paragraph is similar, except that it charges that the defendants "for the purpose of cheating and defrauding" the plaintiff, "falsely and fraudulently represented" the lots to be located," &c., (giving the location, &c., as in the first paragraph,) and continues,—" and plaintiff further avers that *he did know the situation and location* of said lots, but relying wholy and entirely on said false and fraudulent representations," he did exchange, &c.

Separate demurrers were filed to each paragraph of the

complaint, which demurrers were overruled, and excepted to by the defendants. These rulings constitute the first, and only question for consideration.

It will be seen that the first paragraph simply charges the defendant with having made false representations in regard to the location of the real estate for the purpose of inducing the plaintiff to make the exchange. It is objected that this is insufficient as to each of the defendants, because it is not alleged that the defendants knowingly misrepresented the location of the real estate.

This objection is not well taken in behalf of the defendant, Margaret F. Espy. She is charged as being the owner of the real estate, and as such owner, when negotiating for the sale of the same, she ought not to have made material statements in regard to the location and surroundings of the same, for the purpose of enhancing its value in the mind of the person with whom she was about to deal, unless she knew the statements to be true. If they were false, and the purchaser was thereby deceived to his injury, she ought, in law, and in equity, to be held to make the representations good. The rule is, that if a material statement is in fact false, and is uttered for the purpose of inducing another to rely upon the truth of the same, and act in reference to its truth, and he does so rely and act, and is thereby prejudiced, it has the whole effect of fraud in vitiating the contract, although the person uttering the statement did not know it to be false, but believed it to be true. *Woodruff* v. *Garner,* 27 *Ind.,* 4; *Frenzel et al.* v. *Miller,* 37 *Ind.,* 1; *Willard's Eq., Jurisprudence,* 149, 150, *and authorities there cited;* 1 *Story's Eq.* 193.

In the case of *McFerran* v. *Taylor,* 3 *Cranch,* 281; the Supreme Court of the United States uses the following language: " He who sells property on a description given by himself is bound to make good that description, and if it

be untrue in a material point, although the variance be occasioned by a mistake, he must still remain liable for that variance."

The first paragraph of the complaint is, however, insufficient as to the defendant, Vinnedge. He was not the owner of the real estate, nor is he charged with being the agent of the owner, nor engaged in any conspiracy with the owner for the purpose of defrauding the plaintiff, nor in any way interested in making the sale or change. As far as appears from the complaint, he was a stranger to the transaction. The rule of law above stated rests upon the ground, that the party selling the property must be presumed to know whether the representation which he makes of it is true or false. *Smith* v. *Richards,* 13 *Pet.,* 38.

This presumption would not apply to a mere stranger, not in any way shown to be interested in the sale as agent of the owner, or otherwise.

The separate demurrer of Vinnedge should, therefore, have been sustained to the first paragraph of the complaint.

The second paragraph of the complaint avers that the plaintiff " *did know the* situation and location of said lots, but relying wholy, and entirely upon said false, and fraudulent representations," &c.

We suspect the word *not,* was intended to have been used after the word " *did,*" and the sentence was intended to have read " *did not know,*" &c.

But the sentence is grammatically correct as it is, it is not apparent on its face that there was an omission, and it is only from the fact that the word *not* is necessary, and material in order to make a good complaint, that we are led to infer that it was unintentionally omitted. This suspicion, or inference, is not sufficient, however, to enable us to supply the word, and thus make a good complaint by inserting a material averment, and we must consider the complaint as the parties have made it.

If the plaintiff knew the situation, and location of the lots, he had no right to rely upon what he must, with such knowledge, have known was a false statement in regard to the same.

The second paragraph was, therefore, bad, as to each of the defendants, and the demurrer of each should have been sustained. After answer was filed, the cause was tried at Special Term, resulting in a general finding, and judgment for the plaintiff, against each of the defendants. They filed separate motions for a new trial which were overruled.

Where a complaint contains one good paragraph, and there is a general finding and judgment upon the whole complaint, it will be presumed to be upon the good paragraph of the complaint. *Newell* v. *Downs,* 8 *Blackf.,* 523 ; *Culbertson* v. *Townsend,* 6 *Ind.,* 64.

The first paragraph was good as to the defendant, Margaret F. Espy, and we see no reason to disturb the judgment as to her.

Each paragraph being bad as to Vinnedge, his motion for a new trial should have been sustained.

The judgment against the defendant, Espy, is therefore, affirmed. As to the defendant, Vinnedge, it is reversed.