| 12 | 213 |
| 35 | 85 |
| 12 | 213 |
| 46 | 821 |
| 12 | 213 |
| 47 | 350 |
| 12 | 213 |
| 54 | 793 |

WILLIAM P. PHILLIPS, PLAINTIFF IN ERROR, V. BENJAMIN F. JONES, DEFENDANT IN ERROR.

False representations. In an action for false representations as to the quality of certain Kansas lands, exchanged for property in the city of Lincoln, at $1,500.00, it appearing that the lands were nearly worthless, a judgment for $500.00 damages was sustained.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The facts appear in the opinion.

*W. J. Lamb,* for plaintiff in error.

*A. C. Ricketts,* for defendant in error.

MAXWELL, CH. J.

The defendant herein brought an action against the plaintiff, in the district court of Lancaster county, to recover from him the sum of $1,500.00, the cause of action being that he, (Jones), had sold to Phillips a house and lot in the city of Lincoln, for the sum of $3,000.00, and received in payment $1,500.00 in cash and 240 acres of Kansas lands, valued at $1,500.00. It is alleged in the petition that Phillips represented to Jones "that said land was good land; that it was a choice piece of farming land; that he had been offered five dollars per acre for it, but had refused it; that he could then get five dollars per acre for it and would not accept it, but that he held it at six and twenty-five hundredths dollars per acre." It is also stated that Jones had never seen the lands, and that he confided wholly in Phillips' representations, and that

said representations were false and untrue, as Phillips well knew, and that said land was stony and worthless." To the petition Phillips filed an answer in which he alleges, in substance, that there was an exchange of property between the plaintiff and defendant; that he gave Jones and his agents a description of the Kansas lands some thirty days prior to the exchange, and expressly told them that he had never seen the land, and that he was to inform himself in regard to the quality; that he did not tell him that said lands were choice farming lands, but that they were of average quality in that locality, and that he believed his statements to be true.

On the trial of the cause a verdict was rendered in favor of Jones, for the sum of $500.00, upon which judgment was rendered. Phillips brings the cause into this court by petition in error.

A number of technical objections are made to the judgment, which we do not deem it necessary to notice. The land traded by Phillips to Jones is shown by all the testimony to be nearly worthless,—worth fifty cents per acre. We do not care to comment at length upon the testimony. Mr. Phillips admits on cross examination, that he stated to the agent of Jones, while the negotiations were pending, that he made the following representations as to the land: Q. "Did you not tell Mr. Loomis (the agent), that that was a good piece of land?" A. "A good piece of land, averaging with the land in that county." It is very clear from the testimony that the land in controversy is not of average quality with lands in the county in which it is situated. His own testimony, therefore, is sufficient to sustain the verdict, and all the testimony upon that point tends to show that he made representations that this was good land, or choice farming land.

It is a very old head of equity, says chancellor Kent, adopting the language of Lord Eldon, that if a representation be made to another person, going to deal in a mat-

ter of interest upon the faith of that representation, the former shall make the representation good, if he knows that representation to be false. *Bacon v. Brenson,* 7 Johns Ch., 201. *Evans v. Bicknell,* 6 Ves., 182. And if a party, without knowing whether his statements are true or not, makes an assertion as to any particular matter upon which the other party has relied, the party defrauded in a proper case will be entitled to relief. *Smith v. Richards,* 13 Pet., 38. *Trumbull v. Gadsden,* 2 Strobhart's Eq. South Car., R. 14. *McFerran v. Taylor,* 3 Cranch, 281.

As was said in the case of *McFerran v. Taylor*: "He who sells property on a description given by himself, is bound in equity to make that description good, and if it be untrue in a material point, although the variance be occasioned by mistake, he must remain liable for that variance." It is evident that substantial justice has been done in the premises and the judgment will be affirmed.

JUDGMENT AFFIRMED.