GEORGE WILLARD ET AL., APPELLEES, V. GEORGE KEY, APPELLANT.

FILED MARCH 20, 1909. No. 15,566.

Principal and Agent: MISREPRESENTATIONS: LIABILITY. If an agent, in the prosecution of his principal's business, misrepresents a material fact, and the person to whom such representation is made, in ignorance of the truth, relies and acts on such statement to his damage, the agent and principal are jointly liable in tort therefor.

APPEAL from the district court for Platte county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Martin & Ayres,* for appellant.

*John J. Sullivan, A. M. Post* and *Louis Lightner, contra.*

EPPERSON, C.

Plaintiff bought a tract of land of defendant Key, the sale of which was negotiated in part by defendant Carrig as Key's agent. Plaintiff alleged, in substance, that he was induced to purchase by the false and fraudulent statements of defendants that there were 352 acres in the tract, when, in fact, there were but 325 acres; that the

agreed price was $30 an acre, at which rate plaintiff paid for 352 acres. Plaintiff seeks to recover for the difference in the number of acres received and the 352 acres which the defendants represented he would receive, and which his contract called for. The trial court found that there were 335 acres, and rendered judgment against both defendants for $510 and interest. Key appeals.

Carrig was served with summons in Platte county, where he resided, and wherein the action was instituted and prosecuted. Key was served with summons in Merrick county, where he resided, and, as one defense, pleaded to the jurisdiction of the court. It appears from the evidence that Carrig did not know how many acres there were, but that he relied upon the information given him by his codefendant, in his negotiation of the sale, when he told plaintiff that there were 352 acres. Appellant contends that Carrig had a right to rely upon the information thus received, and that he is not liable to the plaintiff in any event, and should not have been made a party to this suit, and that the appellant should not be required to litigate this case in Platte county, there being no proper party defendant resident thereof whereby jurisdiction might be obtained over the appellant under the provisions of section 65 of the code. Carrig was made a party and properly served in Platte County, and, if plaintiff was not entitled to recover against him, the judgment against the appellant must be set aside for the want of jurisdiction, without regard to the merits of the case. The question therefore is: Did the ignorance of Carrig as to the number of acres in th  ʼact of land, which he was selling for his codef     xcuse him from liability to the plaintiff? The evidence  ʼws that he told the plaintiff that there were 352 acres, by a positive statement of the fact, and without communicating to the plaintiff that his only source of information was the appellant. Relying upon this and like statements of the appellant, the plaintiff purchased the land in controversy.

We are of the opinion that Carrig's ignorance of the untruthfulness of his representations does not excuse him from liability. In *Phillips v. Jones*, 12 Neb. 213, it is said: "And if a party, without knowing whether his statements are true or not, makes an assertion as to any particular matter upon which the other party has relied, the party defrauded in a proper case will be entitled to relief." The principle there announced has been adhered to by this court in every case where that question has been before it. It is true that it was held in *Runge v. Brown*, 23 Neb. 817, that, in order to permit a recovery for deceit, there must be established, among other things, "The telling of an untruth, knowing it to be such." This case only partially stated the rule. It was modified in *Foley v. Holtry*, 43 Neb. 133, wherein it is said: "A more accurate statement, in view of the later decisions, would be that the defendant must either know that the representations were false, or else they must be made without knowledge as positive statements of known facts." In *Moore v. Scott*, 47 Neb. 346, it was said: "This court has repudiated the doctrine that, in order to make out a case of deceit, it must be shown that the defendant knew his representations to be false. * * * But in all of these cases it is either expressly stated or necessarily implied that in order to be actionable the representations must have been made as a positive statement of existing facts." It has also been held that, although *scienter* is pleaded, it need not be proved, the allegation being considered as surplusage. *Johnson v. Gulick*, 46 Neb. 817. Appellant seeks to distinguish our former decisions above cited, and points out wherein the nature of each action was different from the case at bar. It appears that in *Johnson v. Gulick, supra,* misrepresentation was pleaded in defense, and that *Foley v. Holtry, supra,* was an action in equity to rescind a contract obtained by deceit; otherwise we fail to see any distinction between the adjudicated cases cited and this one. They are governed by the same principles. The liability of the parties was created at

the time the contract was entered into, and that liability can be enforced in equity or in law, according to the circumstances of each case.   The decisions cited are in point, and we see no reason for deviating from the rule so firmly established.   If the deceit was discovered before the performance of the contract, the wronged party could, of course, maintain an action to rescind.

The evidence relied upon by the plaintiff regarding the number of acres establishes that in 1899 there were 335 acres only in the tract.   The land is bounded on the west and south by the Loup river.   On cross-examination the plaintiff testified that the river at times makes changes by accretion and washing out the land through which it crosses; that it changed its course at times in high water.   With reference to this testimony, the appellant contends that the acreage in 1899 cannot be taken as a basis to determine his liability in 1904, the time of the sale.   This evidence is hardly sufficient to justify the court in a conclusion that there was a change in the bank of the river along the boundary line of the land in controversy at any time.   The surveyor who measured the land in 1899 visited it again in 1906, and testified that then there was less acreage.   He did not survey the land in 1906, nor did he examine the entire tract, nor did he testify that there had been any change between 1899 and 1904.

The evidence supported the findings and the judgment of the lower court, and we recommend that it be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court:   For the reason given in the foregoing opinion, the judgment of the district court is

AFFIRMED.