Schenck *v.* Butsch.

SCHENCK *v.* BUTSCH.

MALICIOUS PROSECUTION.—*Pleading.*—*Paragraphs.*—*Copies of Written Instruments.*—Suit by A. against B. for malicious prosecution, the complaint alleging, that on, &c., B. appeared before a justice of the peace of a county named and, maliciously, and without any reasonable or probable cause, made an affidavit charging A. with the crime of forgery; that B. thereupon caused a warrant to be issued by said justice, upon which A. was arrested and imprisoned, and, upon the evidence of B. was recognized by said justice to the circuit court of said county; that B. afterwards appeared before the grand jury impanelled in said circuit court and then and there falsely and maliciously, and without any reasonable or probable cause whatever, caused A. to be indicted by said grand jury for the crime of forgery; that he was tried in said court upon said indictment, and was thereupon wholly acquitted and discharged and the prosecution ended and determined; that by reason of said false charges, arrest, imprisonment, and prosecution, the plaintiff was greatly injured in his reputation and business, and had lost much time, and was put to great expense in defending himself, to his damage in the sum of, &c.

*Held,* that a motion by the defendant to require the plaintiff to paragraph his complaint was properly overruled.

*Held,* also, that it was not necessary to file with the complaint, or otherwise make a part thereof, copies of the affidavit filed before the justice by B., the warrant of the justice, and the indictment, referred to in the complaint.

*Held,* also, that it was not necessary for the plaintiff to obtain an order of the court for a copy of said indictment before commencing this suit.

*Held,* also, on demurrer, that the complaint presented a good cause of action.

BILL OF EXCEPTIONS.—*Pleading Stricken Out.*—Where a paragraph of a pleading is stricken out by the court, it ceases to be a part of the record, and can be brought on the record again only by a bill of exceptions.

OBJECTION TO EVIDENCE.—An exception to the admission of evidence cannot be available if the record fails to show that the ground of objection was pointed out or stated to the court below.

INSTRUCTION TO JURY.—*New Trial.*—*Motion for.*—No question can be raised in the Supreme Court upon an instruction given to the jury where the giving of such instruction is not embraced in the causes filed for a new trial.

SAME.—*Evidence.*—Where evidence has been admitted without proper objection thereto, the court should refuse to instruct the jury to disregard it because it is not the best evidence obtainable of the fact to which it relates.

SAME.—*Indefinite Instruction.*—In an action for malicious prosecution, the issues being made by a general denial of the complaint, the defendant asked the court " to instruct the jury whether the facts relied on in the defense, on the supposition that they should be found true by the jury, make out a probable cause."

Schenck *v.* Butsch.

*Held,* that the instruction asked was too indefinite to present any question, and was properly refused.

INTERROGATORY TO JURY.—There is no error in refusing to propound to the jury an interrogatory which is not asked on the condition that the jury find a general verdict, or one which relates to a matter immaterial in the case.

NEW TRIAL.—*Motion for.*—*Refusal to Give Instruction.*—Where the refusal of the court to give to the jury an instruction asked by a party is not assigned as a cause in a motion for a new trial, it cannot be urged in the Supreme Court as a ground for reversal.

APPEAL from the Spencer Circuit Court.

This was an action for a malicious prosecution, brought by Butsch against Schenck in the Vanderburgh Circuit Court, and taken by change of venue to the Spencer Circuit Court.

The complaint alleges, in substance, that on the 14th of January, 1867, Schenck appeared before a justice of the peace of Vanderburgh county, and maliciously and without any reasonable or probable cause, made an affidavit charging Butsch with the crime of forgery; that he thereupon caused a warrant to be issued by said justice, upon which Butsch was arrested and imprisoned, and, upon the evidence of Schenck, was recognized by the justice to the circuit court of said county; that Schenck afterwards appeared before the grand jury impanelled in said circuit court, and then and there falsely and maliciously, and without any reasonable or probable cause whatever, caused said Butsch to be indicted by said grand jury for the crime of forgery; that he was tried in said court upon said indictment and was thereupon wholly acquitted and discharged, and the prosecution ended and determined; that by reason of said false charges, arrest, imprisonment, and prosecution, the plaintiff was greatly injured in his reputation and business, and had lost much time, and was put to great expense in defending himself, to his damage in the sum of five thousand dollars.

The defendant moved the court to require the plaintiff to "paragraph his complaint," which was overruled, and the defendant excepted. The defendant then demurred to the complaint on the ground that it did not state facts sufficient

to constitute a cause of action. The demurrer was over-- ruled, and the ruling was excepted to.

An answer consisting of three paragraphs was filed, one of which was the general denial; the other two were re- jected on motion of the plaintiff.

There was a trial by jury, resulting in a verdict for the plaintiff for eight hundred dollars.

Motion for a new trial overruled, and judgment on the verdict.

ELLIOTT, J.—Numerous objections are urged to the pro- ceedings in the circuit court, which will be examined in the order in which they are presented by the appellant's coun- sel.

The first is the refusal of the court to require the appel- lee to " paragraph his complaint." The motion was very properly overruled, for the reason that the complaint con- tained but one paragraph, and presented but a single cause of action.

The alleged malicious prosecution commenced with filing the affidavit before the justice, charging the appellee with forgery, and terminated with his final acquittal on trial in the circuit court.

Overruling the demurrer to the complaint presents the next question.

The complaint is objected to because copies of the affi- davit filed before the justice by the appellant, the justice's warrant, and the indictment, referred to in the complaint, were not filed with, or otherwise made a part of, the com- plaint.

The action is not founded on those papers within the meaning of the provision of the code requiring copies of written instruments to accompany the complaint in certain cases: *Ammerman* v. *Crosby*, 26 Ind. 451.

It is also insisted that the complaint is defective in fail- ing to show that the appellee had obtained the order of the court for a copy of the indictment before commencing this

suit. We are not aware of any rule of practice, in this State, requiring such an order.

It is claimed that the complaint does not contain an allegation that the charge of forgery preferred by the appellant against the appellee was false, and that it is, for that reason, defective. In that part of the complaint which charges the appellant with filing an affidavit before the justice charging the appellee with the crime of forgery, the language used is, that the defendant, in his affidavit, "did, maliciously, and without probable cause, charge the said plaintiff with committing the crime of forgery," &c.; but it does not contain an allegation that the charge was false. In a subsequent part of the complaint, however, it is alleged, that "the said defendant did, at the next term of the said circuit court," * * * "appear before the grand jurors of said county, and did falsely and maliciously, and without any probable cause whatever, cause said grand jury to indict the said plaintiff for the crime of forgery," &c. And, again, near the conclusion of the complaint, this language is used: "The plaintiff says that by reason of the *false charges*, arrest, imprisonment, and prosecution aforesaid, he has been greatly injured," &c.

In that part of the complaint charging the appellant with having procured the indictment, the falsity of the charge is alleged in the very language of the precedents. 2 Chitty Pl. 606. The complaint is certainly not a very formal one, but we think its averments show a valid cause of action.

The ruling of the court, striking out the first and second paragraphs of the answer, is complained of. This question is not properly before this court. When those paragraphs were stricken out they ceased to be a part of the record, and could only be brought on the record again by a bill of exceptions. This was not done; and as the paragraphs are not before us, we cannot say that the court erred in striking them out. *Ammerman* v. *Crosby, supra.*

On the trial of the cause, the appellee testified, that he paid his attorneys, Shackelford and Hornbrook, for defend-

ing him against the charge of forgery. The admission of this evidence is claimed to be error.

The record shows that the evidence "was objected to and excepted to at the time," but it does not show that the ground of objection was pointed out or stated to the court below. It is not, therefore, available in this court. *Ammerman* v. *Crosby*, *supra*. In this connection, an objection is made to a part of the tenth instruction given by the court to the jury, in which they were told that, if they found for the plaintiff, he was entitled to recover his necessary expenses in defending the prosecution for forgery, "including a reasonable attorney's fee." The giving of this instruction is not embraced in the causes filed for a new trial, and no question can be based upon it in this court. We do not say that the instruction was erroneous. The question is not before us, and, therefore, we express no opinion in reference to it.

The court permitted the appellee to read in evidence to the jury, on the trial of the cause, the appellant objecting thereto, a certified copy of the transcript filed in the circuit court, of the proceedings before the justice of the peace on the charge of forgery against the appellee, referred to in the complaint, together with a certified copy of the original affidavit filed by the appellant before the justice, and of the warrant issued thereon by the justice for the arrest of the appellee, the justice having filed said original warrant and affidavit in the circuit court. It is insisted that the court erred in the admission of this evidence. The ground of objection was not stated in making the objection to the evidence, and the question is not, therefore, properly before us.

In this connection, the appellant, at the proper time, asked the court to instruct the jury, that "that portion of the transcript of the record in the case of the *State of Indiana* v. *Philip Butsch*, in the Vanderburgh Circuit Court, which refers to the proceedings had before the examining justice in Vanderburgh county, is not evidence of the connection

of the defendant in this case with the prosecution of Butsch for forgery before the examining justice named therein."

The part of the transcript referred to in the instruction contains the matters stated above, which the court permitted to be read in evidence. It is insisted that the copy of the transcript of the proceedings referred to, being only the copy of a copy, was not evidence, and that the original affidavit and warrant were the best evidence, and hence that certified copies of them could not be received without properly accounting for the originals. But this does not meet the real question presented by the instruction. The transscript of the proceedings and copies of the papers referred to were admitted in evidence by the court, and the appellant not having properly objected thereto, it stands as though it had been admitted without objection. The certified transcript may not have been the best evidence of the matters contained in it, but being admitted without proper objections to it, it became evidence of the facts contained in it, and the court properly refused to exclude it from the consideration of the jury. We think the instruction, for the reason stated, was correctly refused, and we need not, therefore, examine the question whether the certified transcript was properly admissible in evidence.

The appellant asked the court "to instruct the jury whether the facts relied on in the defense, on the supposition that they should be found true by the jury, make out a probable cause;" which the court refused, and this is claimed to be an error. The record does not show that the instruction was presented to the court at a proper time, but we do not place the decision of the question on that ground. The instruction is too indefinite to present any question. The issues in the case were made by a general denial of the complaint. The facts relied on by the appellant to show probable cause are not presented by the pleadings and are not stated in the instruction.

The judge who presided at the trial, and who heard the

argument as well as the evidence in the case, might possibly have had some idea as to what facts were referred to by the instruction, but this court, deprived, as it is, of the lights which it is barely possible might have directed the mind of the judge below to guess correctly as to the meaning of the instruction, is asked to reverse the ruling of the court below, without any reasonable means of determining what were the facts relied on by the appellant to show probable cause. The court below was clearly right in refusing the instruction.

The appellant complains of the refusal of the court to propound to the jury a special interrogatory asked by him, as follows: "Do the jury find from the evidence that Philip Butsch, the plaintiff, was bound in a recognizance by the examining justice in Vanderburgh county, to appear before the Vanderburgh Circuit Court, at its next term, to answer the charge of forgery?" The interrogatory was not asked on the condition that the jury found a general verdict, and was properly refused for that reason; but it was also properly refused because it was as to a matter wholly immaterial in the case. It is argued by the appellant, that if Butsch was so bound in a recognizance, that fact was sufficient evidence of probable cause for the prosecution in the circuit court.

The fact that the justice required Butsch to enter into a recognizance is alleged in the complaint. It stands as a fact admitted by the appellee, and it was not necessary to have it specially found by the jury to get it on the record, and the appellant had the fact upon his demurrer to the complaint.

Error is assigned on the refusal of the court to give to the jury the sixth instruction asked by the appellant, that "the plaintiff cannot recover if the defendant, Schenck, acted under the advice of counsel, obtained in good faith, upon information of the real facts of the case."

The refusal to give this instruction was not embraced in any of the causes for a new trial, and, therefore, it cannot

be urged in this court as a cause for reversal; but it is not improper to state, that the court in its own charge to the jury instructed fully on that subject, and substantially as asked by the appellant.

The appellant requested the court to instruct the jury as follows: " That the plaintiff in this cause, in order to recover, must prove that the defendant herein did, by his written affidavit, signed by him, and sworn to by this defendant, charge the plaintiff with the crime of forgery, and that with malice and without probable cause, he did afterwards prosecute the same cause in the Vanderburgh Circuit Court." The instruction was refused, but the court did instruct the jury, "that the plaintiff, to sustain his case, must prove substantially every material allegation affirmed by him and denied by the defendant, by a fair preponderance of all the testimony given in the case."

The facts enumerated in the instruction asked are averred in the complaint, and hence the instruction asked was substantially embraced by the instruction given by the court.

The appellant argues the merits of the case on the evidence, and insists that it clearly establishes probable cause for the prosecution.

The evidence is quite voluminous, and a review of it here is not necessary. But it discloses this state of facts: In the fall of 1866, Butsch had in his possession a promissory note, payable to himself, for one hundred and fifty dollars, dated September 3d, 1866, and due six months after date, which purported to be signed by the appellant as the maker, thus: "x  x  x   Joseph Schenck."

Butsch subsequently sold the note to Smith and Richman, of Evansville. The appellant afterwards saw Smith and Richman to whom he denied the execution of the note, and denounced it as a forgery, and on the 14th of January, 1867, went before a justice of the peace, filed an affidavit, and commenced the prosecution against Butsch for forgery, in forging his name to the note, out of which this suit has sprung. Butsch had worked for the appellant about a year,

part of the time at three dollars per day, and the residue at two dollars per day.

Butsch, on the trial of this cause, testified, that when he quit working for Schenck, on the 3d of July, 1866, they had a settlement, and Schenck owed him a balance of one hundred and fifty dollars; that he afterwards called on Schenck several times for the money, but he could not pay it; that Schenck finally told him to have a note drawn up and come out again; that he accordingly got Captain Redfern to draw up the note, which he took out; that he met Schenck coming from Hufnagles to his own house; he said he had no money; that Butsch and Schenck then sat down on an old log; that he then presented the note, told Schenck how much it was, but did not read it to him; that Schenck told him to write his name to it, which he did, and Schenck then took the pen and made the three crosses immediately before his name. Schenck testifies that he had fully paid Butsch for his work, that he owed him nothing at the date of the note, and that he did not execute the note. Now, it is evident from the circumstances, that both of the parties knew whether Schenck did or did not execute the note. If he did not, then it is equally evident that Butsch must have forged it, and Schenck was fully justified in prosecuting him for forgery. But, on the other hand, if Schenck did execute the note, then there was no cause whatever for the criminal prosecution, and, upon that hypothesis, it was wicked and malicious in the extreme, and attempted to be sustained by perjury.

The material question in the case for the decision of the jury became one of veracity between the parties. Their evidence was in direct conflict, and it was the peculiar province of the jury who had the parties before them, and heard them testify, to weigh all the evidence on the one side and the other, and determine between them; and we must presume that they did so impartially, and having found for the appellee, we cannot disturb their verdict on the evidence.

The judgment is affirmed, with costs and five per cent. damages.

*R. A. Hill*, for appellant.

*S. R. Hornbrook* and *J. M. Shackelford*, for appellee.