## TEMPLE ET AL. *v.* ADERS.

SALE.—*Delivery.—Damages.*—Under a contract for the sale of a boat and cargo lying at a certain place in a river, and the delivery by the seller of the

boat and cargo at another specified place on the first rise of the river, it was error in the court to instruct the jury that if they found the property passed by the sale, they must also find that the seller made an independent contract to deliver the boat and cargo, in order to hold him liable for damages occasioned by his failure to deliver. The seller was liable for want of ordinary care and diligence under his contract to deliver, if the same was part of the contract of sale.

EVIDENCE.—*Ground of Objection.*— The ground of an objection to evidence must be pointed out to the court below, in order to make an exception to the ruling available.

APPEAL from the Dubois Common Pleas.

DOWNEY, J.—This action was commenced by the appellee against the appellants. The complaint was in two paragraphs. The first was on a promissory note, and the second was for work and labor, and money paid, and was accompanied by a bill of particulars.

After considerable efforts to form issues, it was agreed by the parties that the defendants should plead the general denial, and that each party might, under the issue thus formed, prove any and all facts which he or they would be entitled to prove under any form of pleading which might properly have been filed.

There was a trial by jury, a verdict for the plaintiff, a motion for a new trial overruled, exceptions taken, and the evidence and instructions put in the record, and final judgment rendered on the verdict for the plaintiff.

The errors assigned resolve themselves into the question whether the ruling of the court, refusing to grant a new trial on the motion of the defendants, was correct or not.

The plaintiff sold to the defendants a boat and load of hoop-poles, then lying in a stream known as Anderson River, for seven hundred and twenty-five dollars. The plaintiff agreed to deliver the boat, etc., on the first rise in the river, in Williamson's mill-pond, about fifteen miles below where it was at the time of the sale, the defendants agreeing to pay for such delivery, not exceeding a specified amount. At the time of the sale, the boat was lying on the bottom of the river, laden with the hoop-poles. The plain-

tiff contended and testified on the trial that the property in the boat passed at the time of the sale, notwithstanding the agreement on his part to deliver it in the mill-pond. The defendants paid two hundred dollars of the price at the time of the purchase, were to pay three hundred dollars more in ten or fifteen days, which they did, and gave the note mentioned in the first paragraph of the complaint for two hundred and twenty-five dollars, as the balance of the price. The account referred to in the second paragraph is for the expenses of unloading the boat, and putting the load in again, and running her so far as she went. It is for money paid for the hire of hands, for the services of Aders himself, for board of hands paid, and for the price of one oar pin, amounting in all to seventy-nine dollars and fifty cents, with a credit of ten dollars, leaving due, as is claimed, sixty-nine dollars and fifty cents. The defendants contended and testified that the property in the boat and hoop-poles was not to pass, and did not pass, until they should be delivered in the mill-pond, although they admit that they were to pay the expenses of running the boat, not to exceed twenty dollars or twenty-five dollars. The evidence tends to show that the boat was lying in a twisted and bad position at the time of the sale, and that this fact was not communicated to the defendants. At the first rise in the river, the boat filled with water, and was not run by the plaintiff to the mill-pond; nor was it at any time so run and delivered to the defendants, but, on the contrary, at a subsequent rise in the river, the boat, after having been dropped down a short distance and fastened, was allowed to drift away and was broken up and rendered unfit for further use, and became a total loss. The hoop-poles were hauled by land a distance of eight or ten miles to Troy, by the defendants, at an expense of three hundred and thirty-five dollars. The boat was worth one hundred and fifty dollars before it sank. The boat and hoop-poles, delivered in the mill-pond, would have been worth nine hundred and fifty dollars. After the boat had sunk, they were worth only about four hundred and fifty

dollars, at the same place. The reason assigned by the defendants for taking possession of the wreck was, that they had paid Aders five hundred dollars, and that he was not responsible. Aders testified that at the first rise in the river after the sale of the boat, they could have run her out if they had been ready, but they did not, and the boat filled with water, leaves, and mud, and they had to unload her. Why they were not ready to run the boat out, he did not state. There was a question whether the defendants had not authorized another person to run the boat out. But we think it is only shown that this person was to do so, if at all, in the event that Aders failed to do so, and that the defendants did not do anything to relieve the plaintiff from the obligation assumed by him to deliver the boat and cargo in the mill-pond. We think this obligation on the part of the plaintiff required him to take proper and reasonable care of the boat and cargo until the rise came, and until he had run it to the place designated.

The first question is, as to the sufficiency of the evidence to support the verdict of the jury. Upon the question, whether the property in the boat and poles passed to the defendants at the time of the sale or not, we could not disturb the finding of the jury, for the reason that the evidence on this part of the case is conflicting, bringing the case within the well established rule in this court, not to disturb a judgment in such a case. But in the other view of the case, that is, that although the property in the boat and poles passed to the defendants at the time of the sale, the plaintiff was bound to take care of the property, and deliver it on the first sufficient rise in the river, at the mill-pond, we think the case was quite clearly made out in favor of the defendants. The contract for such delivery is shown, and its breach also, and that the damages to the defendants were more than the amount of the note on which the suit was brought. The items of the account were for expenses of unloading and loading the boat, and the fruitless attempt to comply with the agreement for the delivery of the boat, etc.,

and we think are not properly chargeable to the defendants, according to the evidence.

After charging the jury with reference to the law of the case, if they found that the property in the boat and poles passed at the time of the contract, the court instructed them as follows :

" If, on the contrary, you find the sale of the boat to have been an absolute sale, and the property and risk of it passed to defendants as it lay in the bed of the creek, but also find that plaintiff, by an independent contract, made the same day, agreed to run the boat in the mill-pond, on the first rise of water, for so much per day for his services, then, if the plaintiff failed so to run the boat on the first rise of water, and the boat was lost by his negligence or careless-ness, the plaintiff is liable to defendants for damages caused by such negligence. In this case the plaintiff would not be liable for loss, unless the defendants show that the loss was occasioned by the carelessness or negligence of the plaintiff. If it was such floods or storms as ordinary care or prudence could not provide against, then the plaintiff is not liable."

We think this instruction was incorrect. The agreement on the part of the appellee, to deliver the boat and cargo at the mill-pond, was a part of the contract of sale ; and it was not proper for the court to require the jury to find that there was " an independent contract made the same day," etc., before they could find for the defendants. Nor was it proper for the court to say to the jury, that the appellee would only be liable for the breach of the contract to deliver the boat and cargo, upon proof of negligence or carelessness on his part. The breach of a contract may be shown without proof of carelessness or negligence.

We think that under the contract the appellee was bound to run and deliver the boat, etc., at the mill-pond safely, if it could have been done by the use of ordinary and reason-able care and diligence; and that if for the want of such reasonable care and diligence, the boat, etc., were injured, the appellee was liable for the resulting damages. There

are others of the instructions given by the court that should not have been given. The court refused to give the following instruction asked by the defendants:

"If the jury believe that the note now in suit was given as a part of the consideration of the boat and poles, and that a part of the contract of the plaintiff was that he should deliver the boat and poles in Williamson's mill-pond on the first rise in Anderson after the purchase, and if they find that the boat and load were not delivered according to the contract, or during the first rise in Anderson, then any damages the defendants sustained on account of the breach of contract would be a counter claim which they may set up in this suit by way of recoupment; and if the damages are greater than the amount of the note and account, then you ought to find not only for the defendants, but give them a verdict for the balance of such damages."

We think this instruction was correct, and should have been given by the court.

There were other instructions asked by the defendants, and refused by the court, which should have been given; but we do not deem it necessary to set them out in this opinion. It was assigned as a reason for a new trial that the court had improperly admitted the statements of one Cassady in evidence, and there would seem to have been a good ground of objection to his statements, as they were made in the absence of the party against whom they were introduced; but the ground of the objection does not appear to have been pointed out to the court, which was essential in order properly to reserve the question for this court. *Robinson* v. *Murphy*, 33 Ind. 482; *Schenck* v. *Butsch*, 32 Ind. 338; *Jemison* v. *Walsh*, 30 Ind. 388.

The judgment is reversed, with costs, and the cause remanded with instructions to grant a new trial.

*S. K. Wolfe,* for appellants.

*W. H. Peckinpaugh, E. R. Hatfield,* and *J. B. Black,* for appellee.