Trogden *et al. v.* Deckard.

## TROGDEN ET AL. *v.* DECKARD.

MALICIOUS PROSECUTION.—*Probable Cause.*—*Pleading.*—In an action for malicious prosecution, the plaintiff must aver and prove a want of probable cause; consequently, facts showing probable cause may be given in evidence under the general denial, and, the general denial being pleaded, it is not error to sustain a demurrer to a special answer alleging the existence of probable cause for the prosecution.

BILL OF EXCEPTIONS.—*Deposition.*—On overruling a motion to suppress depositions, the clerk noted an exception to the ruling on the order book.

*Held,* that this was insufficient; to present the question to the Supreme Court, it was necessary to embody the ruling below in a bill of exceptions.

PRACTICE.—*Objections to Evidence.*—Where the admission of certain evidence is objected to on the trial, the ground of objection must be stated, or it will not be considered on appeal.

SAME.—*Instructions.*—Instructions copied by the clerk into the transcript will not be considered by the Supreme Court on appeal, when the record fails to show that they were excepted to.

From the Monroe Circuit Court.

*P. A. Parks* and *G. W. Friedley,* for appellants.

*J. W. Buskirk, E. K. Millen,* and *L. L. Norton,* for appellee.

DOWNEY, J.—The appellee sued Robert M. Galloway, William A. Meadows, and the appellants, alleging in his amended complaint, that on the 27th day of January, 1870, at the city of Indianapolis, Indiana, the defendants contriving and maliciously intending to injure the plaintiff in his good reputation, appeared before Fred. Knefler, a Commissioner of the United States for the State of Indiana, and without any reasonable or probable cause whatever, charged the plaintiff with having distilled, without a license from the government of the United States, and without having given to said government the bond required by the laws thereof, and maliciously, and without any reasonable or probable cause whatever, procured said commissioner to grant a warrant for the arrest of the plaintiff upon said charge; that said commissioner issued said warrant, and the plaintiff was arrested and imprisoned under the same for four days, and was obliged to and actually did give bail in the sum of one

thousand dollars; that afterward, the plaintiff having been examined before the said commissioner for the said supposed crime, the said commissioner adjudged him not guilty thereof, and fully acquitted him of the same; and that since that time the defendants have not prosecuted said charge, but have abandoned the same; that by reason of the premises the plaintiff was injured in his person and prevented from attending to his business, and was compelled to pay two hundred dollars counsel fees in defending himself, and one hundred dollars in obtaining bail and procuring witnesses and preparing his defence; to his damage five thousand dollars, etc.

The original complaint was against Galloway and Meadows' only, and the appellants were made defendants by the amended complaint, which we have set forth.

Answers by Galloway and Meadows, and then a separate answer, consisting of the general denial and a special paragraph, by the appellants, were filed. A demurrer to the second paragraph of the answer of the appellants was filed by the plaintiff, and sustained by the court.

Upon the completion of the issues, there was a trial by a jury, a verdict for the plaintiff, a motion by the defendants Stafford and Trogden for a new trial overruled, and judgment for the amount of the verdict in favor of the plaintiff.

Stafford and Trogden alone appeal, and they have assigned several errors. Some of them are, however, only reasons for which, if well founded, a new trial might have been granted, and need not be particularly noticed as assignments of error. There are but two errors properly assigned. They are the sustaining of the demurrer to the second paragraph of the answer of the appellants, and the refusal to grant a new trial on their motion.

The assignment calling in question the action of the court on the demurrer to the second paragraph of the answer of the appellants appears to have been made after the other assignments. It is written on the margin of the page, and is wholly ignored in the briefs of counsel. In enumerating

the errors assigned, counsel for the appellants do not mention this one. Perhaps we ought not, under these circumstances, to consider the sufficiency of the second paragraph of the answer. But the question is easily disposed of.

The second paragraph of the answer was designed to show that there was probable cause for the prosecution. This may be shown under the general denial. The plaintiff in such actions is bound, in the first instance, in order to make out his case, to show that there was not probable cause, and clearly the defendant may meet this evidence with evidence on his part that there was probable cause. *Cummings* v. *Parks*, 2 Ind. 148; *Brown* v. *Connelly*, 5 Blackf. 390. As the facts showing probable cause may be proved under the general denial, it was not error to sustain the demurrer to the second paragraph of the answer, setting up facts designed to show probable cause. *Wolf* v. *Schofield*, 38 Ind. 175. It follows, that in an action for malicious prosecution, although the defendant may plead specially the facts showing probable cause, the action of the court in striking out such answer, or sustaining a demurrer thereto, when the general denial is in, cannot be assigned as an available error.

It remains to consider the questions relied upon by counsel for the appellants in their brief, arising under the motion for a new trial.

The first of these questions discussed is the refusal of the court, on motion of the defendants, to suppress the depositions of Thomas M. Browne and Fred. Knefler, witnesses on behalf of the plaintiff, and certain parts of such depositions. There was a written motion filed, specifying the objections to the depositions relied upon by the defendants, and upon the overruling of this motion there was an exception noted by the clerk, but no bill of exceptions was filed reserving the question. This action of the court is not shown by the general bill of exceptions, nor by any bill of exceptions. In our opinion, the question is not presented, without a bill of exceptions.

The next reason for a new trial was, that the court erred in permitting the record of Fred. Knefler, United States Commissioner, in a case wherein the United States was plaintiff, and said Jesse Deckard and David Stewart and John W. Stewart were defendants, to be read in evidence, without a proper certificate from said commissioner showing that the same was a full, true, and complete transcript of all the proceedings in said cause. Turning to the bill of exceptions, we do not find that any such objection was urged against the admissibility of the document in evidence. There was no objection made, in which the ground of objection was stated. This was necessary in order to present to us any question upon the ruling of the circuit court. It is not enough that the objection is pointed out in the motion for a new trial. It must be pointed out at the time the evidence is offered. *Harvey* v. *The State*, 40 Ind. 516, is exactly in point. See, also, *Temple* v. *Aders*, 38 Ind. 506, and cases there cited.

It was stated lastly, as a reason for a new trial, that the court erred in instructing the jury, that in order to sustain their answer of justification, the defendants must prove the plaintiff's guilt beyond a reasonable doubt.

Several instructions are copied by the clerk into the transcript, but they are not signed by the judge or copied into any bill of exceptions, nor are there any exceptions to the giving of any of them. To state in the motion for a new trial, that the court erred in the giving of an instruction to the jury, where the record shows no exception to the giving of the instruction, presents no question for decision by this court. *Emmons* v. *Newman*, 38 Ind. 372; *The Jeffersonville, Madison, and Indianapolis R. R. Co.* v. *Cox*, 37 Ind. 325.

The judgment is affirmed, with costs.

BUSKIRK, J., was absent.