NEWELL *v.* DOWNS.

If a plaintiff, whose declaration contains some good and some bad counts, obtain a general verdict, the judgment will not be arrested, under the statute, on account of the bad counts.

In the case of such declaration, the Court, on the defendant's motion, may instruct the jury to disregard the bad counts.

In an action for malicious prosecution, malice is a question of fact for the jury; and in such action, the jury may infer malice from the want of probable cause, but are not bound to do so.

The existence of any fact relative to the issue may be proved.

NEWELL
v.
DOWNS.

| 8b 523 |
| 149 133 |

| 8b 523 |
| f167 547 |

ERROR to the *La Porte* Circuit Court.

PERKINS, J.—Case for slander and malicious prosecution. The declaration contained ten counts. To the first two, a *nolle prosequi* was entered. To the remaining eight, the general issue was pleaded, upon which the cause was submitted to a jury and entire damages given for the plaintiff. A new trial was moved for, refused, and final judgment rendered for the damages assessed by the jury.

*Wednesday,
December 1.*

The seventh count of the declaration was faulty in describing a cause of action that accrued subsequently to the commencement of the suit, and upon which count, it may be stated, evidence was given. These facts are urged as a ground for the reversal of the judgment of the Circuit Court. At common law this ground would have been sufficient; but the R. S. of 1843, p. 732, sect. 322, enact (which has been the law in this state since 1817) that " when a general verdict is given on the trial of any civil action for the plaintiff, in which some of the counts in the declaration are bad and any one of them is good, judgment on the verdict for that reason shall not be" arrested or reversed in the superior Court, but that on the trial "the Court, at the request of the defendant, may instruct the jury to disregard any such faulty count." The defendant in this case mistook his remedy upon this point. He should have obtained proper instructions from the Court below under the statute. See *Findley* v. *Buchanan*, 1 Blackf. 12 n. 3, *Wickham* v. *Baker*, 4 *id.* 517, and *Clarkson* v. *M'Carty*, 5 *id.* 574.

On the trial, the Court, as to the prosecution alleged to have been malicious, instructed the jury that " though the plaintiff to sustain his case, must prove both malice and want

Nov. Term, 1847.

NEWELL
v.
DOWNS.

of probable cause, yet if the jury believed from the evidence, under the charge of the Court, that *Newell* had no probable cause for commencing said prosecution, such want of probable cause was sufficient evidence of malice." This instruction should not have been given in the unqualified terms in which it is stated, as it tended to mislead the jury. They might well have understood from it, that from simple want of probable cause, they were bound to infer malice, and hence find some damages in favour of the plaintiff. Such seems not to be the law. In actions for slander, malice is inferred from the speaking of the slanderous words upon an unjustifiable occasion. This is called malice in law. But in actions for malicious prosecution, there seems to be no such thing as malice in law; and malice in fact must be proved to the jury. They may, and generally would, infer it from want of probable cause, but are not bound to do so. The case of *Mitchell* v. *Jenkins*, 5 B. & Adol. 588, is directly to this point. In that case, *Taunton*, J., on the trial, instructed the jury, as was done in this case, that they should infer malice from want of probable cause. A rule *nisi* for a new trial on the ground of misdirection, was made absolute in the King's Bench; *Denman*, C. J., and *Parke*, *Patteson*, and *Taunton*, Justices, all delivering opinions that the question of malice should have been left entirely to the jury. *Taunton*, J., said: "*At the trial I acted upon the decision in Bromage* v. *Prosser*, 4 B. & C. 247. That was an action of slander," &c. "It struck me that there was no distinction (in this respect) between an ordinary action for slander and an action for malicious arrest; but I am now satisfied that in this latter form of action malice is a question of fact, which ought to be left to the jury." This case was decided as late as 1833, has not as we have discovered been overruled, and the decision appears to be unobjectionable (1).

There is another question in the cause. The affidavit and warrant set forth in the counts of the declaration for malicious prosecution, were against *Downs*, the plaintiff below in this suit, and one *Nathan Coy*, and charged them with secreting stolen goods. After the plaintiff had closed his evidence, the defendant in the Circuit Court introduced one *E. G. Mathews* as a witness, and upon his examination asked him whether, at

the time the affidavit in the declaration named was made, there was any general suspicion prevailing in the neighbourhood, that said *Nathan Coy* was guilty of such acts as that charged in the affidavit; and if so, what general suspicion did prevail? and, also, whether the plaintiff below in this suit was or not, at the time, particularly intimate with him the said *Coy?* The Court refused to hear the witness in answer to these questions. In this we think the Court may have erred. The defendant in the Circuit Court had a right to show probable cause and want of malice. If he established either, he would succeed in his defence; and though the testimony sought from the witness could tend but slightly to prove either, still if it consisted of a fact relative to the issue, it was the duty of the Court to admit it in evidence, leaving its weight to be determined by the jury. We cannot say the evidence offered and rejected in this case did not consist of such a fact, and might not form one of a number of circumstances that would induce a person of ordinary intelligence to believe another guilty of a crime. See *Wasson* v. *Canfield*, and the authority cited, 6 Blackf. 406, and *Mitchell* v. *Jenkins, supra.*

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. B. Niles* and *A. L. Osborn*, for the plaintiff.

*J. H. Bradley*, for the defendant.

(1) "In that action (malicious prosecution) it is still incumbent on the plaintiff to allege and prove malice as an independent fact; though it may in some instances be fairly inferred by the jury from the arrest itself, and the circumstances under which it is made, without any other proof. They, however, are to decide, as a matter of fact, whether there be malice or not." *Per Denman,* C. J., in the case cited in the text.

What is reasonable or probable cause is matter of law. *Panton* v. *Williams*, 2 A. & Ell. N. S. 169.—*Brown* v. *Connelly*, 5 Blackf. 390. And that is the rule not only where the facts are few, but also where they are numerous and complicated. The following is the language, on the subject, of the Court of Exchequer Chamber: "Upon this bill of exceptions, we take the broad question between the parties to be this; whether, in a case in which the question of reasonable or probable cause depends, not upon a few simple facts, but upon facts which are numerous and complicated, and upon inferences to be drawn therefrom, it is the duty of the judge to inform the jury, if they find the facts proved and the inferences to be warranted by such facts, the same do or do not amount to reasonable or probable cause, so as thereby to leave the question of fact to the jury, and the abstract question of law to the judge? And we are all of opinion that it is the duty of the judge so to do." *Panton* v. *Williams, supra.*