KENNON and Wife *v.* SHULL and Others.

*Langdon* v. *Applegate,* 5 Ind. R. 327, affirmed.

Where an appeal was taken from the Common Pleas to the Circuit Court, and the cause stood for trial *de novo,* and while it was pending a statute was passed depriving the Circuit Court of jurisdiction of such appeals,—*held,* that the appeal must be dismissed.

*Friday,*
*May 29.*

APPEAL from the *Marion* Circuit Court.

At the *April* term of the Probate Court of *Marion* county, 1851, *Thomas Kennon* and *Margaret,* his wife, filed their petition in said Court for the partition of two tracts of land, one situated in *Marion* county, and the other in *Hamilton* county. Partition was decreed, and commissioners were appointed. Afterwards, at the *February* term, 1852, the commissioners reported that they were of opinion and belief that "such partition as was directed in the decree" of the several lands could not be made without damage and injury to the interest of the heirs. The Court then, at the same term, appointed appraisers, and directed them to appraise both tracts of land. Afterwards, at the *April* term of the Court, the appraisers returned their appraisement, whereupon the Court ordered the lands to be sold, and appointed a commissioner to sell them. The commissioner, having complied with the forms of the law and the decree, in filing bond and giving notice, sold the tracts of land, and reported his sale at the *August* term of said Court. The sale was approved of by the Court, and the *Kennons* filed their petition for the distribution of the first installment of the purchase-money, which was allowed. *Kennon* was the only party who received any share of the money. This was the last proceeding, in this case, in the *Marion* Probate Court. It was transferred into the Common Pleas Court of *Marion* county, at the *January* term, 1853, and from that Court the defendants appealed to the *Marion* Circuit Court, and procured a certified record of the case, *February* 4, 1853, from the clerk of the Court of Common Pleas, under the seal of the Court. The Common Pleas Court still proceeded to act in the case, and

after the appeal, received a report of final payment, and ordered deeds to be made to the purchasers. A record of that proceeding was afterwards introduced into the record of this case in the Circuit Court, upon motion of the petitioners. At the *April* term, 1853, of the *Marion* Circuit Court, the petitioners, *Kennon* and wife, appeared in said Circuit Court, and moved that the appeal be dismissed, but the Court overruled the motion, and then, by agreement of parties, the cause was continued. The cause was afterwards, by the agreement of the parties, referred by the Circuit Judge to a special term, which was held by one of the Supreme Judges, and there the motion to dismiss the appeal was renewed. The Court took the case under advisement until the next subsequent special term, when the Court, upon motion of the defendants, dismissed the cause, and no exception to the judgment was taken at that time by either party.

At the next special term of the *Marion* Circuit Court, the attorneys of the petitioners filed their affidavit, and moved the Court to amend the record in the cause, and allow the petitioners to file exceptions to the judgment of the Court dismissing the cause, alleging that they supposed at the time the judgment was rendered that the Court had sustained their motion to dismiss the *appeal*, and that the Court had adjourned, when they found that the motion to dismiss the *action* had been sustained. The Court allowed the record to be amended, and the exceptions to be filed, whereupon the defendants excepted to those proceedings and the ruling of the Court.

The petitioners, in their assignment of errors, insist that the appeal from the Common Pleas to the Circuit Court should have been dismissed—because, 1. The appellants did not file an appeal-bond in the Common Pleas; and, 2. The section allowing an appeal to the Circuit Court was repealed while the cause was therein pending.

*Per Curiam.*— One of the principal questions in this case is, whether the Supreme Court will adhere to the decision in the case of *Langdon* v. *Applegate*, 5 Ind. R. 327. The Court determines to adhere to the ruling in that case.

May Term, 1857.

KENNON
v.
SHULL.

It has already been several times followed (1). We do not perceive that the slight verbal inaccuracy in Judge Hovey's quotation from the *Louisiana* constitution, affects the force of his argument; nor was the decision in the case put upon that, but the language of our own constitution.

Another question made is whether, when an appeal is taken from the Common Pleas to the Circuit Court, where the cause would stand for trial *de novo*, and a statute is passed depriving the latter Court of jurisdiction of such appeal, the cause, or the appeal, should be dismissed.

The Court holds that the appeal should be dismissed. The case stands in that Court as an unauthorized appeal (2).

A point is made about exceptions below; but the Court thinks, under the circumstances shown by affidavit to exist in this case, the Court should not be influenced by it in the decision of the cause.

The judgment below is reversed with costs. Cause remanded, with instructions to dismiss the appeal.

*J. L. Ketcham, I. Coffin,* and *R. L. Walpole,* for the appellants.

*L. Barbour* and *A. G. Porter,* for the appellees.

(1) See *Rogers* v. *The State,* 6 Ind. R. 31; *Wilkins* v. *Miller, ante,* 100; *Littler* v. *Smiley, ante,* 116.

(2) Touching these points counsel for the appellees cited *Wiscart* v. *Dauchy,* 3 Dal. 327; 3 Pet. 425; *Yeaton* v. *The United States,* 5 Cranch 281; *Schooner Rachel* v. *The United States,* 6 *id.* 329; 2 East. Cr. Law, 576, *Jones's* case; 1 W. Bl. 451, *Miller's* case; 17 and 20 Pick., under the head "Appeals." Const. of *Louisiana,* articles 118, 119.

*Langdon* v. *Applegate,* 5 Ind. R. 327; *Walker* v. *Caldwell,* 4 La. Ann. R. 297; *Duverge* v. *Salter,* 5 *id.* 94; and the statutes of *Louisiana,* from 1847 to 1854, were reviewed in argument.