### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1858, IN THE FORTY-THIRD YEAR OF THE STATE.

---

## WILKINSON v. ARNOLD.

In an action for malicious prosecution, the defendant offered to prove, by the justice before whom the prosecution was instituted, and another witness, that he, defendant, had informed the justice of the nature of the offense committed by the plaintiff, and that he desired to commence a prosecution therefor, if the same was a violation of the criminal law of the state; whereupon the justice, after examining the statute, by mistake, informed him that it was a larceny, and drew the affidavit for that crime, in good faith, intending only to charge the plaintiff with the offense described by the defendant. The offense described to the justice was not a felony, but a misdemeanor. *Held*, that the evidence was admissible to determine the question of malice.

To sustain an action for malicious prosecution, the prosecution must be shown to have been instituted maliciously and without probable cause.

The want of probable cause is not sufficient without malice, and *vice versa*.

Malice may be inferred from the want of probable cause, as a matter of fact; but no such inference arises as a matter of law—in other words, the jury may draw such inference, if they see proper, but they are not bound to do so.

Any evidence tending to show probable cause, or to rebut an inference or proof of malice is admissible.

Nov. Term,
1858.

WILKINSON
v.
ARNOLD.

Monday,
November 22,

APPEAL from the *Putnam* Court of Common Pleas.

WORDEN, J.—Action for malicious prosecution.

The complaint charges that the defendant below, *Wilkinson*, maliciously, and without probable cause, instituted a prosecution against the plaintiff, before a justice of the peace, upon a charge of the larceny of some corn, upon which charge the plaintiff was arrested and required to give bail for his appearance before the justice, and that upon the day set for trial the prosecuting attorney dismissed the prosecution; whereupon it was adjudged by the justice that the plaintiff go thence acquit of said charge.

The defendant filed an answer of four paragraphs, all of which led to issues of fact. Trial by jury, and verdict and judgment for the plaintiff below, over a motion for a new trial.

The points mainly relied upon by the appellant, *Wilkinson*, for the reversal of the case, are—1. That the Court rejected proper evidence offered by him; and, 2. That the Court refused proper instructions asked by him, and gave improper instructions. Exceptions were duly taken to the several rulings of the Court.

The corn charged to have been stolen appears to have been claimed by one *John Wilkinson*, and also by the plaintiff below, the latter having taken it from the stalks in the field where it was growing. The offense, on the supposition that the corn belonged to *Wilkinson*, and not to the plaintiff, could not have been a felony, but at most a misdemeanor. *Vide* 2 R. S. 1852, p. 446, § 76. On the trial, the defendant offered to prove by *John Wilkinson*, and also by the justice before whom the prosecution was instituted, that, at the time the prosecution was commenced, he informed the justice that he had detected the plaintiff in clandestinely pulling and carrying away the corn in question, and that he desired to commence a prosecution therefor, if it was in violation of the criminal law of the state, and that the justice, after examining the statute, informed him that it was a *larceny*, and that thereupon the justice drew up the affidavit for that crime. He further offered to

prove by the justice, that he, the justice, drew the affidavit
in good faith, intending to draw it so as to properly charge
the plaintiff with the offense above described, and none
other. This evidence was objected to, and the objection
sustained by the Court.

We are of opinion that the evidence offered was admissible, and should have been received.

In order to sustain the action, it is necessary that the prosecution should have been instituted without probable cause, and also, that it should have been done maliciously. The want of probable cause is not sufficient without malice, nor will malice suffice where there was probable cause for the prosecution. Both malice and the want of probable cause must concur in order to lay the foundation for an action. 2 Greenl. Ev. § 453. Malice may be inferred from the want of probable cause, as a matter of fact, but no such inference arises in a matter of law. The jury may draw such inference, if they see proper, and probably, in most cases, would, but they are not in law bound to do so. *Newell* v. *Downs*, 8 Blackf. 523. Any evidence having a tendency to show probable cause, or rebut any inference or proof of malice, is legitimate. From the whole case, it is to be inferred that the plaintiff succeeded in his case upon the ground that he was prosecuted for a felony, when at most he could have been guilty of a misdemeanor only. The statement of the facts to the justice, preparatory to the commencement of the prosecution, we think, may be regarded as part of the *res gesta;* and if the prosecution was instituted for a felony instead of a misdemeanor, entirely through the mistake of the justice as to the legal character of the supposed offense, this might well be considered by the jury in determining the question of malice. As the evidence offered was legitimate, and as the defendant had a right to have the effect of it passed upon by the jury, the judgment must be reversed. We do not decide that the facts offered would be a bar to the action, but simply that they were competent to go to the jury, for what the jury might deem them worth, in determining the question of malice.

We have not examined the instructions given and re-

Nov. Term,
1858.

fused, as the judgment must be reversed for the reasons above given.

*Per 'Curiam.* — The judgment is reversed with costs. Cause remanded for a new trial.

*J. P. Usher*, for the appellant.

*D. E. Williamson*, for the appellee.