*W. March*, for appellant.

*J. Davis, J. E. McDonald* and *A. L. Roache*, for appellee.

---

## AMMERMAN *v.* CROSBY.

PLEADING.—TITLE OF CAUSE.—A complaint commenced as follows: "In the Court of Common Pleas of *Huntington* county, *October* term, 1863, A B complains of C D, and says," &c.

*Held*, that it contained sufficiently the title of the cause, under the 49th section of the code.

NE EXEAT.—MALICIOUS PROSECUTION.—A complaint for malicious prosecution alleged that the defendant, "not having any reasonable or probable cause of action whatever against the plaintiff in that behalf, to have a writ of arrest against him, but wrongfully and unjustly contriving and intending to oppress and injure the plaintiff, falsely and maliciously caused and procured to be sued and prosecuted out of the *Huntington* Circuit Court, a certain writ of "no go," at the suit of the defendant against the plaintiff, directed to the sheriff of *Huntington* county, whereby he was commanded to arrest the plaintiff and him safely keep, so that he might have his body before said court at the next ensuing term, to answer said defendant in a civil action."

*Held*, that the words "no go" would not be regarded as equivalent to *ne exeat*, in describing that writ; but

*Held*, that the substance of a writ of *ne exeat* was stated in the complaint, and that a description of the writ by its technical name was, therefore, unimportant.

SAME.—In a suit for a malicious prosecution, in having had the defendant arrested upon a writ of *ne exeat*, it is not requisite that the affidavit upon

which the proceeding was founded, the writ, &c., should be filed with the complaint.

PRACTICE.—A bill of exceptions is necessary to present for review in the Supreme Court a ruling of the court below striking out a paragraph of an answer.

OBJECTION TO EVIDENCE.—An exception to the admission of evidence must show that the ground of the objection was pointed out or stated to the court below.

MALICIOUS PROSECUTION.—To sustain an action for malicious prosecution, it must be shown that the action was instituted without probable cause, and maliciously.

SAME.—Malice may be inferred from the want of probable cause, as a matter of fact, but no such inference arises as a matter of law.

SAME.—Whatever evidence tends to show probable cause, or to rebut any inference or proof of malice, is, in such actions, admissible.

SAME.—In a suit for malicious prosecution, in having had the defendant arrested on a writ of *ne exeat*, evidence tending to show that the agent of the defendant who caused the proceeding to be commenced was informed by reputable persons, in whom he confided, that the plaintiff was about to remove from the State with his property, and that he was thereby induced to sue out the writ upon which the plaintiff was arrested, was held ad-·missible, as tending to show probable cause, as well as to rebut any presumption or proof of malice.

APPEAL from the *Huntington* Common Pleas.

ELLIOTT, J.—Suit by *Crosby*, the appellee, against *Ammerman*, the appellant, for a malicious prosecution. The court overruled a demurrer to the complaint, to which the defendant excepted. This ruling is assigned for error. The first objection urged to the complaint is that it does not contain a sufficient "title of the cause," as required by the 49th section of the code.

The objection cannot be sustained. The complaint commenced as follows: "In the Court of Common Pleas of *Huntington* county, *October* term, A. D. 1863. *Charles Crosby* complains of *John Ammerman,* and says," &c. This was a substantial compliance with the statute. It is also objected to the complaint that there are no sufficient averments of the name, character or purpose of the writ which it was alleged was sued out against the plaintiff, whereby he was arrested. The complaint alleges that the defendant, "not having any reasonable or probable cause of action whatever

against the plaintiff in that behalf, to have a writ of arrest against him, but wrongfully and unjustly contriving and intending to oppress and injure the plaintiff, falsely and maliciously caused and procured to be sued and prosecuted out of the *Huntington* Circuit Court, a certain writ of "no go," at the suit of the defendant against the plaintiff, directed to the sheriff of *Huntington* county, whereby he was commanded to arrest the plaintiff, and him safely keep, so that he might have his body before said court at the next ensuing term thereof, to answer said defendant in a civil action." The objection urged is, that there is no such writ known to the laws of this State as that described in the complaint by the appellation of "no go," and that if a writ of *ne exeat* was thereby meant, the appellation used is not known to the law, and will not be recognized by the courts. "No go" may be a substantial translation of the technical words *ne exeat*, the name of a writ known to the law; but we are not inclined to sanction such eccentric innovations in pleading. It was not, however, essential that the writ should be described by its technical name; the substance of it is stated in the complaint, and is thus shown to be such a writ as the law directs in certain cases, which we think was sufficient. The averments in the complaint are confused, and lack that clearness and method which are so desirable, and which characterize the skillful pleader; but we think that sufficient facts are presented, with reasonable certainty, to constitute a valid cause of action. It is also contended that copies of the affidavit, writ, &c., should have been filed with and made a part of the complaint. We think otherwise. The suit was not founded on those papers, within the meaning of the statute. There was no error in overruling the demurrer to the complaint.

The defendant filed an answer consisting of a general denial and two special paragraphs. The court, on the plaintiff's motion, struck out the special paragraphs. This is also assigned as error. No bill of exceptions embracing

these paragraphs was filed. The action of the court in striking them out carried them from the record, and they could only be made a part of the record by a bill of exceptions, and as no such bill was filed, the question is not properly before us, and we cannot notice it. The cause was tried by the jury on the issue made by the general denial. Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

One of the causes assigned for a new trial was, "errors of law occurring at the trial, and excepted to at the time." The errors complained of are particularly referred to in the motion.

The admission of improper testimony is one of the errors specified. A bill of exceptions containing the evidence shows that much of the evidence offered by the plaintiff was objected to by the defendant and the objection overruled, to which he excepted, but in no instance does the exception show that the ground of the objection was pointed out or stated to the court below. This should have been done to make it available in this court. This point has been too frequently ruled to require a reference to the cases.

Another question arises upon the refusal of the court to admit certain evidence offered by the defendant. The record shows that the suit in which the plaintiff was arrested and imprisoned was instituted in the name of the defendant by *Francis Ammerman*, the son of the defendant, who claimed to be his agent, in the absence and without the knowledge of the defendant; and on the trial, *Francis*, the son, was introduced and sworn as a witness for the defendant. In the course of the examination in chief the following questions were severally propounded to the witness: "What did you learn from *S. C. Swazey*, *William Randolph* and *Mr. Odenthall*, in reference to *Crosby's* going to leave the State, before bringing the suit?" And again, "Why did you commence the prosecution against *Crosby*?" To which questions the plaintiff objected, the court sustained the

objection and refused to permit the witness to answer either of them.

The same witness was also asked by the defendant, what he learned on the day he commenced the prosecution against *Crosby* that induced him to commence it? To which the witness answered as follows: "I learned of Mr. *Collins* and Mr. *McGrew* that he, *Crosby*, was going to *Lagro* to get on a train that day, and was going on west to *Illinois.*" The plaintiff moved the court to strike the answer from the evidence and withdraw the same from the jury, which motion the court, over the defendant's objection, sustained. In these rulings, we think the court erred.

It appears from the papers in the cause referred to, given in evidence by the plaintiff, that the defendant in this suit was the surety of the plaintiff on a bond given by him for the delivery of certain property taken in execution. It was further shown by the evidence that *Crosby*, in the absence of the defendant, had prepared and was about to remove from the county, but whether to some other place within or without the State seems not to have been certainly known to the public, and the son of the defendant, in the absence of the latter, after inquiring, and upon consultation with an attorney, filed an affidavit, as the agent of the defendant, alleging that the plaintiff was about to leave the State, without performing, or making any provision for performing, the conditions of said delivery bond, taking with him moneys, property, rights and effects subject to execution, with intent to defraud the defendant in this suit, and thereupon commenced the suit and caused the writ to be sued out against *Crosby*, whereby he was arrested and imprisoned.

This suit is for a malicious prosecution against the defendant, for causing such arrest and imprisonment. In order to sustain the action, it was necessary that the prosecution should have been instituted without probable cause, and also that it should have been done maliciously. The want of probable cause was not sufficient without malice,

nor would malice be sufficient if there was probable cause. The jury may infer malice from the want of probable cause, as a matter of fact, but no such inference arises as a matter of law. Any evidence tending to show probable cause, or rebut any inference or proof of malice, would be legitimate. *Newell* v. *Downs*, 8 Blackf. 523; *Wilkinson* v. *Arnold*, 11 Ind. 45.

If the agent of the defendant was informed by persons in whom he might and did confide, that the plaintiff was about to remove from the State with his property, and was thereby induced to sue out the writ upon which the plaintiff was arrested, proof of these facts would legitimately tend to show probable cause, as well as to rebut the presumption or proof of malice, and should have gone to the jury.

The question of the sufficiency of the evidence to sustain the finding of the jury is also presented and discussed, but we have not examined it, for the reason that the judgment must be reversed for the cause above stated, and the evidence may present the case in a different light on another trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*D. O. Daily* and *J. S. Tarkington*, for appellant.