Seeger *v.* Pfeifer.

*A. Ellison* and *J. D. Ferrall,* for appellants.

*A. A. Chapin,* for appellee.

---

. SEEGER *v.* PFEIFER.

| 35 | 13 |
|-----|-----|
| 149 | 133 |

MALICIOUS PROSECUTION.—*Pleading.*—In an action for malicious prosecution the complaint must allege that the prosecution was instituted maliciously and without probable cause.

WITNESS.—*Impeachment.*—A party whose witnesses are impeached by evidence of bad character, or by evidence that they have made statements contrary to the testimony given upon the witness stand, may sustain them by evidence of their general good character for truth and veracity.

INSTRUCTIONS.—*Malicious Prosecution.*—There is a distinction between actions for malicious prosecution and for false imprisonment. In the former it is the duty of the court to instruct the jury, that to maintain the action the plaintiff must prove that the prosecution was malicious and instituted without probable cause.

Seeger *v.* Pfeifer.

APPEAL from the Johnson Circuit Court.

DOWNEY, J.—This was an action for a malicious arrest of the plaintiff, in a civil action, brought by the appellee against the appellant in the Bartholomew circuit court, and taken by change of venue to the Johnson circuit court, where there was a trial by jury, and a verdict and judgment for the plaintiff for four hundred dollars.

The first point made is, that the court erred in overruling the defendant's demurrer to the first and second paragraphs of the complaint. It appears that Seeger sued Pfeifer in the common pleas of Bartholomew county, claiming that Pfeifer owed him for money paid as his security for one hundred and fifteen dollars, and for board twenty-four dollars, and on affidavit filed took out a *capias ad respondendum*, and caused him to be arrested and held in custody and put in jail until he gave bail for his appearance. When the case came to be tried, Seeger sustained his case as to the claim for one hundred and fifteen dollars, but not as to the claim for boarding. The answer of the defendant in that case, besides making an issue as to the indebtedness, also took issue on the matters alleged in the affidavit, whether properly or not we need not say; and the court tried these questions with the other issues, and found that there was no sufficient reason for the arrest.

The first paragraph of the complaint in the case at bar, after setting out the commencement of the former action, the suing out of the *capias ad respondendum*, the arrest, giving of bail, &c., alleges that the "imprisonment aforesaid was without lawful, just, or sufficient cause, and was malicious, wrongful, unlawful, and oppressive," &c. The objection to it made by counsel for the appellant is, that it is not alleged that the arrest was "without probable cause."

The second paragraph is as follows: "Second, for further and second count of complaint, plaintiff says that the defendant, at said county, on the sixteenth day of December, 1868, caused said plaintiff to be seized and laid hold of, and to be pulled and dragged about, and then and there caused said plaintiff to be imprisoned, and then and there kept and

detained said plaintiff in prison for a long time, to wit, one day, next following, contrary to law, and under a false and unreasonable color and charge that the plaintiff was about to remove from the State of Indiana, taking with him his property subject to execution, and money and effects, which should be applied to the payment of plaintiff's debts, with intent to defraud said defendant, whereby plaintiff was greatly exposed and injured in his credit, reputation, and circumstances, and was subjected and put to divers expenses, to wit, to the amount of five hundred dollars, in order to obtain, and in obtaining, his liberation from said imprisonment, and was also obliged to find and procure, and did find and procure, bail, to wit, one Frank Pfeifer, as special bail, for said plaintiff in said action, and whereby said plaintiff suffered great anguish and pain of mind, and was prevented from attending to his lawful affairs, all to the damage of plaintiff of ten thousand dollars, for which he sues."

With reference to this paragraph, the appellant contends that " it does not aver that the arrest was malicious and without probable cause." It charges that he was held under a false and unreasonable color and charge, that he was about to leave the State of Indiana, taking with him his property subject to execution, and moneys and effects which should be applied to the payment of defendant's debt, with intent to defraud said defendant, and that he was obliged to procure bail for his discharge. He does not aver he was not arrested upon warrant, but indirectly admits he was arrested in a civil action; and pleadings are always most strongly construed against the pleader. There cannot be any recovery for an arrest in a civil action, without an allegation and proof of malice and want of probable cause.

The distinction between false imprisonment and malicious prosecution is pretty well established. When the arrest is upon valid process issued by a court having jurisdiction, trespass for false imprisonment will not lie, though such arrest is maliciously procured by the prosecutor without probable cause. False imprisonment more especially in civil ac-

tions is sometimes termed in legal language, malicious arrest, and an action for this precise form of injury requires substantially the same allegations and proof of malice and want of probable cause as the action for malicious prosecution.   1 Hilliard on Torts, 217, sec. 22.

We regard both of these paragraphs as attempting to set forth causes of action for malicious arrest, and, according to the rule above laid down, they should have alleged malice and want of probable cause.

To sustain an action for malicious prosecution, it must be alleged and shown that the prosecution was instituted without probable cause and maliciously.   *Ammerman* v. *Crosby*, 26 Ind. 451; *Wilkinson* v. *Arnold*, 11 Ind. 45.

No objection is made to the third paragraph, and it seems to us to be a good paragraph for a malicious arrest.

The other points in the case arise out of the motion for a new trial, and the overruling thereof.

One of the defendant's witnesses having been impeached by the plaintiff, by proving that he had elsewhere made statements contrary to what he swore to on the trial, the defendant proposed to sustain the witness by proof that his general character for veracity, in the neighborhood where he resided, was good.   This evidence was excluded by the court.   The court erred in this.   See *Harris* v. *The State*, 30 Ind. 131.

In the instructions the court seems to have adopted an incorrect view of the case, presenting it to the jury as a suit for false imprisonment, and not informing them of the necessity of finding the existence of malice, as well as want of probable cause.

The court, on request by the defendant, refused to tell the jury that the plaintiff, to sustain the action, must show malice and want of probable case, and also refused a charge which, we think, enumerated sufficient facts to show probable cause for the arrest, the existence of which facts, the court was requested to say, amounted to probable cause.

We have, under the assignment of error with reference

to the overruling of the motion for a new trial on the ground of the insufficiency of the evidence, examined the evidence, and are of the opinion that it showed that the appellant had abundant cause for the arrest of the appellee.

The judgment is reversed, with costs.

*F. T. Hord*, for appellant.