Strickler *v.* Greer.

No. 11,034.

STRICKLER *v.* GREER.

MALICIOUS PROSECUTION.—*Malice.*—Without proof of malice, an action for malicious prosecution can not be maintained, nor does the law infer malice from the want of probable cause.

From the Shelby Circuit Court.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney,* for appellant.
*J. B. McFadden,* for appellee.

HAMMOND, J.—Action by the appellee against the appellant for malicious prosecution in causing the appellee's arrest upon a *capias ad respondendum,* in an action before a justice of the peace. The appellant answered by the general denial. Trial by jury; verdict for the appellee; judgment on the verdict, over the appellant's motion for a new trial and exceptions.

The evidence shows that in the action before the justice the appellant filed his complaint against the appellee upon items of account amounting to $25.75, and also filed an affidavit to the effect that the claim was just, due, legal and unpaid, and that the appellee was about to leave the county, taking with him property subject to execution, or other means by which said claim might be paid in whole or in part, with the intent to defraud or delay his creditors. The justice issued a *capias ad respondendum,* upon which the appellee was arrested. The docket entries of the justice show that the parties appeared and compromised, by a son of the appellee paying the appellant $14.50, and the appellant paying costs. At the time of the commencement of the action before the justice, the appellee had sold his property and was about changing his residence to another county. One of the contentions in the present case was whether in such removal the appellee intended to defraud or delay his creditors. The court upon this question gave the jury the following instruction:

" 1. By the Constitution, it is provided that there shall be no imprisonment for debt except for fraud. A *capias ad re-*

Strickler *v.* Greer.

*spondendum* requires the arrest of the party, which is imprisonment. It follows, therefore, that a case of fraud must be established to justify such writ. If you believe, therefore, from the evidence, that the defendant, Strickler, had not a reasonable or probable cause to believe that plaintiff was about to leave the county, taking with him property subject to execution, or other means with which defendant's claim might be paid in whole or in part, with intent to defraud or delay his creditors, then you must find for plaintiff."

The law is well settled that to sustain an action for malicious prosecution the plaintiff must prove that the legal proceedings complained of were instituted by the defendant maliciously and without probable cause. *Wilkinson* v. *Arnold*, 11 Ind. 45; *Ammerman* v. *Crosby*, 26 Ind. 451; *Seeger* v. *Pfeifer*, 35 Ind. 13.

Malice is not a legal inference from want of probable cause. It may be, but is not necessarily, inferred as a matter of fact from the want of probable cause. The question of malice, as well as that of probable cause, is for the jury to determine from the evidence. The jury may find from the evidence want of probable cause, and yet find that there was no malice in prosecuting the legal proceedings complained of, and in such case their verdict should be for the defendant. *Oliver* v. *Pate*, 43 Ind. 132.

In the instruction above copied, the element of malice was wholly ignored, and the jury were told, in substance, that if they found there was no probable ground for the appellant causing the appellee's arrest, their verdict must be for the appellee. Instructions, the same in legal effect as the above, were held erroneous in *Carey* v. *Sheets*, 67 Ind. 375.

Judgment reversed, at appellee's costs, with instructions to the court below to sustain the appellant's motion for a new trial.

Filed Feb. 21, 1884. Petition for a rehearing withdrawn May 28, 1884.