Helwig *v.* Beckner.

---

## HELWIG *v.* BECKNER.

[No. 17,943.   Filed April 1, 1897.   Rehearing denied Dec. 10, 1897.]

MALICIOUS PROSECUTION.—*Complaint.*—A complaint in an action for malicious prosecution must aver that the defendant acted maliciously and without probable cause. *p. 132.*

SAME.—*Probable Cause, a Question of Law.*—Where a special verdict is returned in an action for malicious prosecution, the question of the probable cause for the prosecution complained of is not a fact to be found by the jury, but a question of law to be determined by the court. *p. 133.*

SAME.—*Malice a Question of Fact.*—In an action for malicious prosecution, malice is a question of fact to be submitted to and found by the jury, and without proof of malice the action cannot be maintained. *p. 133.*

SAME.—*Inference of Malice from Want of Probable Cause.*—The court or jury trying an action for malicious prosecution may infer malice from want of probable cause, but are not required to do so. *p. 133.*

Helwig *v.* Beckner.

SAME.—*Special Verdict.—No Finding of Malice.*—Where there is no finding of malice in a special verdict returned in an action for malicious prosecution, such verdict will not support a judgment for the plaintiff. *p. 133.*

SAME.—*Malice.—Evidence.*—An acquittal of defendant of the crime charged is not *prima facie* evidence that the prosecution was malicious. *p. 134.*

SPECIAL VERDICT.—*Conditional Conclusion.*—The conditional conclusion of a special verdict, finding for the plaintiff if the law is with the plaintiff, otherwise finding for the defendant, is not absolutely necessary to the validity of the special verdict; and this part of the verdict cannot be considered by the court in determining whether the law on the facts found is with the plaintiff or defendant. *p. 135.*

From the Marion Superior Court. *Reversed.*

*W. H. H. Miller, F. Winter, J. B. Elam,* and *Charles E. Averill,* for appellant.

*Thomas Hanna, G. W. Galvin* and *William Irvin,* for appellee.

MONKS, J.—Appellee brought this action against appellant to recover damages for malicious prosecution. The jury returned a special verdict, on which appellant moved for a judgment in his favor, which motion the court overruled and rendered judgment thereon in favor of appellee. The errors assigned call in question the action of the court in overruling appellant's motion for a judgment in his favor, and in rendering judgment in favor of appellee.

It is insisted by appellant that the special verdict is not sufficient to support a judgment in favor of appellee, for the reason that the jury failed to make any finding upon the question of malice.

The complaint charges that appellant caused appellee to be indicted for larceny and embezzlement, and alleges that, in so doing, appellant acted maliciously and without probable cause. Each of these averments was essential in order to make a good complaint.

*Terre Haute, etc., R. R. Co.* v. *Mason,* 148 Ind. 578; *Seeger* v. *Pfeifer,* 35 Ind. 13; *McCullough* v. *Rice,* 59 Ind. 580, 584; *Paddock* v. *Watts,* 116 Ind. 146, 149; *Richter* v. *Koster,* 45 Ind. 440, 444; *Galloway* v. *Stewart,* 49 Ind. 156; *Lacy* v. *Mitchell,* 23 Ind. 67; *Stancliff* v. *Palmeter,* 18 Ind. 321; *Workman* v. *Shelly,* 79 Ind. 442, 445; *Schoonover* v. *Reed,* 66 Ind. 598; *Strickler* v. *Greer,* 95 Ind. 596, 597; *Uppinghouse* v. *Mundel,* 103 Ind. 238, 241; 1 Jaggard on Torts, 624.

What constitutes probable cause is a question of law, for the court to determine. Where a special verdict is returned, the jury must find the facts; and upon the facts found the court must, as a matter of law, decide whether there was probable cause. *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138, 144; *Cottrell* v. *Cottrell,* 126 Ind. 181, 184.

Malice, however, is a question of fact to be submitted to and found by the jury, and without proof of malice the action cannot be maintained; nor does the law infer malice from the want of probable cause. *Newell* v. *Downs,* 8 Blackf. 523; *Wilkinson* v. *Arnold,* 11 Ind. 45; *Ammerman* v. *Crosby,* 26 Ind. 451; *Oliver* v. *Pate,* 43 Ind. 132; *Strickler* v. *Greer, supra.*

The court or jury trying the cause may, however, as a matter of fact, infer malice from the want of probable cause, but are not required to do so, as such inference does not necessarily follow from the want of probable cause. *Newell* v. *Downs, supra; Wilkinson* v. *Arnold, supra; Ammerman* v. *Crosby, supra; Oliver* v. *Pate, supra; Richter* v. *Koster, supra;* 1 Jaggard, Torts, 624.

It is clear that, in an action for malicious prosecution, malice is a question of fact. It must be alleged in the complaint, and established by the evidence, and when a special verdict is returned, it must be

found as a fact by the jury; and, where there is no finding of malice, such verdict will not support a judgment for the plaintiff in such action. Even though the facts found in a special verdict show the want of probable cause, yet neither this nor the trial court can infer malice therefrom, as that inference can only be drawn by the triers of the facts. *Ammerman* v. *Crosby, supra; Oliver* v. *Pate, supra.*

Appellee insists that the final termination of the criminal case in favor of appellee, which was found in the special verdict, was *prima facie* evidence of malice. Such is not the law in this State. *Bitting* v. *Ten Eyck,* 82 Ind. 421, 424; 42 Am. Rep. 505; 14 Am. and Eng. Ency. of Law, 65. See, also, *Griffin* v. *Chubb,* 7 Tex. 603, 58 Am. Dec. 85; *Griffis* v. *Sellars,* 2 Dev. & B. (N. C.) 492, 31 Am. Dec. 422; *Heldt* v. *Webster,* 60 Tex. 207; *Williams* v. *Vanmeter,* 8 Mo. 339, 41 Am. Dec. 644; *Stone* v. *Crocker,* 24 Pick. (Mass.) 81; *Brown* v. *Lakeman,* 12 Cush. 482; *Thompson* v. *Beacon Valley Rubber Co.,* 56 Conn. 493, 16 Atl. 554; *Grant* v. *Deuel,* 3 Rob. (La.) 17, 38 Am. Dec. 228; *Staub* v. *Benthuysen,* 36 La. Ann. 467.

But if the law were as claimed by appellee, and the finding of the termination of the criminal cause in favor of appellee was *prima facie* evidence of malice, this court is not authorized to infer malice from such finding, for the reasons, as we have shown, that malice is not a question of law for the court, but of fact for the jury to determine. Besides, the settled rule is that the special verdict must find facts and not the evidence. *Gordon* v. *Stockdale,* 89 Ind. 240, 244.

The conditional conclusion to the special verdict, finding for the plaintiff if the law on the facts found is adjudged to be in his favor, otherwise finding for the defendant, is not absolutely necessary to the validity of a special verdict; and this part of the verdict cannot

be considered by the court in determining whether the law, on the facts found, is with the plaintiff or defendant. *Hendrickson* v. *Walker*, 32 Mich. 68; *Louisville, etc., R. W. Co.* v. *Lucas*, 119 Ind. 583, 584; *Evansville, etc., R. R. Co.* v. *Taft*, 2 Ind. App. 237, 242.

There is no finding in the special verdict that appellant, in causing appellee to be indicted, acted maliciously. As the burden of proof as to the allegation of malice was upon appellee, that fact must be considered as found against him and in favor of appellant. *Fisher* v. *Louisville, etc., R. W. Co.*, 146 Ind. 558. Such fact being found against appellee and in favor of appellant, the court should have sustained appellant's motion and rendered a judgment in his favor.

Under the rule concerning special verdicts, that nothing can be taken or added by inference or intendment *(Fisher* v. *Louisville, etc., R. W. Co., supra)*, it is perhaps true, as urged by appellant, that the facts found in the special verdict do not, as a matter of law, show the want of probable cause; but it is not necessary to determine this question, as the case must be reversed for the reason already given.

Judgment reversed, with instructions to sustain appellant's motion and render judgment in his favor against appellee on the special verdict.

PER CURIAM.—Upon a reconsideration of the record we have reached the same conclusion as in the original opinion, that the judgment should be reversed; but we think that justice required that instead of directing judgment on the special verdict, that a new trial should be awarded. The petition for a rehearing is therefore overruled, and it is ordered that a new trial be awarded, and that the mandate heretofore entered be modified accordingly.