## FARMERS MUTUAL FIRE INSURANCE ASSOCIATION ET AL. *v.* STEWART.

[No. 20,357. Filed December 20, 1906.]

1. TRIAL. — *Verdict.—General.—Special.—When Controlling.—* Answers to the interrogatories to the jury control the general verdict only when the conflict is so great that no evidence admissible under the issues could reconcile same. p. 546.

2. MALICIOUS PROSECUTION. — *Corporations. — Liability for. — Principal and Agent.—*A private corporation is liable for a malicious prosecution instituted by its agent, where such prosecution was authorized or ratified by it, or was within the scope of such agent's authority. p. 546.

3. SAME.—*Corporations.—Liability for Acts of Subagents.—* Where a subagent can be considered as the agent of a private corporation, either by reason of a permission given to appoint, or by the corporation's ratification of such subagent's acts, such corporation is liable for a malicious prosecution instituted by such subagent. p. 547.

4. TRIAL.—*General Verdict.—Malicious Prosecution.—Malice.— Want of Probable Cause.—*A general verdict for plaintiff in an action for malicious prosecution is a finding that defendant instituted the prosecution of plaintiff with malice and without probable cause. p. 547.

5. TRIAL.—*Verdict.—Special.—Malice.—Want of.—Principal and Agent.*—An answer to an interrogatory to the jury, in an action for malicious prosecution against a private corporation and its agent, that there was no malice on the part of such corporation is a finding that such agent's acts, so far as such corporation was liable for same, were without malice. p. 547.

6. MALICIOUS PROSECUTION.—*Want of Malice.*—Malice is an essential element in an action for malicious prosecution; and the want of probable cause without malice is insufficient to sustain an action therefor. p. 547.

7. SAME. — *Principal and Agent.—Recovery against Agent Alone.*—Where an agent instituted a malicious prosecution against plaintiff, the plaintiff may recover against such agent although he fails to recover as against the principal. p. 548.

8. APPEAL AND ERROR.—*Reversal.—New Trial.—When Ordered.*—The Supreme Court may, on reversal, order a new trial when justice requires it, though the appellant is, on the answers to the interrogatories to the jury, technically entitled to judgment. p. 548.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Action by James Stewart against the Farmers Mutual Fire Insurance Association and others. From a judgment for plaintiff, defendant association and another appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed in part. Reversed in part.*

*Barrett & Morris, W. G. Colerick* and *Robertson & O'Rourke,* for appellants.

*Henry Colerick* and *W. & E. Leonard,* for appellee.

MONKS, J.—Appellee brought this action against appellant association and others to recover damages for malicious prosecution. The jury returned a general verdict in favor of appellee against appellants, and also found specially upon particular questions of fact, stated to them in writing in the form of interrogatories under §555 Burns 1901, Acts 1897, p. 128. Appellant insurance association filed a separate motion for a judgment in its favor against appellee on the answers to the interrogatories notwith-

standing the general verdict, which was overruled. Appellant Striefling filed a like motion, which was also overruled. Final judgment was rendered upon the general verdict for appellee.

The action of the court in overruling said motions is properly challenged by the assignment of errors.

The general verdict necessarily decided all material issues in favor of the appellee, and the motion for a judgment on the answers to the interrogatories notwith-

1.    standing the general verdict can only be sustained when the antagonism between such answers and the general verdict is beyond the possibility of being removed or reconciled by any evidence legitimately admissible under the issues in the case. *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662; *Indianapolis St. R. Co.* v. *Johnson* (1904), 163 Ind. 518, 523; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690, 697, and cases cited; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300-302.

It is alleged in the complaint that appellant Striefling was employed by said insurance association to investigate and discover such facts as he could relating to such

2.    fire and the occasion thereof, and as agent for and in the interest of said company did and performed the acts hereinafter alleged, "and that said insurance association and said Striefling," acting in concert and in unison, maliciously and without probable cause" caused appellee to be prosecuted for the crime of arson as alleged in the complaint. A private corporation, like an individual, is liable for the acts of its agents in instituting a malicious prosecution, authorized or ratified by the corporation, or within the scope of the authority conferred. 1 Cooley, Torts (3d ed.), 200-205, 342-344; 10 Cyc. Law and Proc., 1203-1208, 1211, 1217; 19 Am. and Eng. Ency. Law (2d ed.), 691, 692; *Pennsylvania Co.* v. *Weddle* (1885), 100 Ind. 138, 140, 141; *American Express*

*Co.* v. *Patterson* (1881), 73 Ind. 430, 434; *Markley* v. *Snow* (1904), 207 Pa. St. 447, 451, 56 Atl. 999, 64 L. R. A. 685; *Carter* v. *Howe Machine Co.* (1879), 51 Md. 290, 34 Am. Rep. 311; *Beiswanger* v. *American, etc., Trust Co.* (1904), 98 Md. 287, 295, 57 Atl. 202.

As to liability for acts of a subagent, see 1 Clarke & Skyles, Law of Agency, §516, p. 1129; Mechem, Agency, §197, p. 196; Story, Agency (9th ed.), §454a *et seq.; Lindsay* v. *Singer Mfg. Co.* (1877), 4 Mo. App. 571.

The general verdict, as we have shown, necessarily found, as to the allegations of malice and want of probable cause, against each of the appellants.

The jury found, however, in answers to interrogatories, that there was no malice on the part of appellant insurance association in prosecuting the legal proceedings against appellee complained of. This was equivalent to a finding that no person with whose acts said insurance association was chargeable was guilty of any malice in what he did in the prosecution of the proceedings complained of by appellee.

It is evident that such finding was in irreconcilable conflict with the general verdict against said insurance association, for the reason that malice is an essential element of malicious prosecution, and without it such action cannot be sustained. The want of probable cause without malice is not sufficient. *Strickler* v. *Greer* (1884), 95 Ind. 596; *Terre Haute, etc., R. Co.* v. *Mason* (1897), 148 Ind. 578; *Helwig* v. *Beckner* (1897), 149 Ind. 131; *Paddock* v. *Watts* (1888), 116 Ind. 146-149, 9 Am. St. 832; *Wilkinson* v. *Arnold* (1858), 11 Ind. 45; *Newell* v. *Downs* (1847), 8 Blackf. 523; 19 Am. and Eng. Ency. Law (2d ed.), 673; 1 Jaggard, Torts, pp. 623-625; Hale, Torts, p. 358. It follows that the court erred in overruling said motion of appellant insurance association for judgment in its favor.

While appellee was entitled under the allegations of his complaint to recover against appellant Striefling if the evidence showed that he prosecuted appellee maliciously and without probable cause, as alleged in the complaint, as the authorized agent of said insurance association, he was also entitled to recover against said Striefling if what he did was not done as the authorized agent of said insurance association, but only on his own account. *Flora* v. *Russell* (1894), 138 Ind. 153. Under the rule stated there is no irreconcilable conflict between the jury's answers to the interrogatories and the general verdict against appellant Striefling, and the court did not err in overruling his motion for judgment in his favor.

The judgment is affirmed as to appellant Striefling, and reversed as to appellant insurance association, and upon the authority of *McCoy* v. *Kokomo R., etc., Co., supra,* and *Donaldson* v. *State, ex rel.* (1906), *post,* 553, and cases cited, the trial court is instructed to grant said insurance association a new trial.