## Kelso v. Kelso.

[No. 6,250. Filed January 15, 1909.]

1. HUSBAND AND WIFE.—*Alienation.*—*Malice.*—*Question for Jury.*— In an action by a wife against her mother-in-law for damages for the alienation of her husband's affections, malice is a question of fact for the jury. p. 116.

2. WORDS AND PHRASES.—*"Malice."*—*Husband and Wife.*—*Aliena- tion.*—The word "malice," as used in the law of torts, imports a deliberate intention to do evil, with or without ill-will. p. 117.

3. HUSBAND AND WIFE.—*Alienation.*—*Malice.*—*Inferences.*—*Ques- tions for Jury.*—Proof that an act was done purposely, and with- out just cause or legal excuse, to another's injury, authorizes the jury to infer malice, but does not compel such inference. p. 117.

4. TRIAL.—*Instructions.*—*Alienation.*—*"Legal Excuse."*—An in- struction that conduct, to be actionable as maliciously done, must be intentional and wrongful and "without legal excuse," does not sufficiently define the necessary malice, the phrase "without legal excuse" being too indefinite. p. 117.

5. TRIAL.—*Instructions.*—*Alienation.*—*Malice.*—*Parent and Child.* —An instruction, in an action by a wife against her mother-in-law for alienation, that the law presumes that the mother's acts were done in good faith and with sufficient cause, but if it be shown that such acts were done without good cause, and injury resulted therefrom, the mother would be liable, is erroneous, since the mother's intention is eliminated. p. 117.

6. MALICIOUS PROSECUTION.—*Malice.*—*Want of Probable Cause.*— In actions for malicious prosecution, as well as for alienation,

malice and want of probable cause must be shown, though malice may be inferred from want of probable cause. p. 118.

7. HUSBAND AND WIFE.—*Alienation.—Parent and Child.—Advice.— Presumptions.*—In an action by a wife against her mother-in-law for alienation, the presumption is that advice given by the mother to the son was in good faith and for his best interests, and the plaintiff must overcome this presumption with proof to the contrary. p. 119.

From Fayette Circuit Court; *George L. Gray,* Judge.

Action by Grace Kelso against Eliza Kelso. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Watson, Titsworth & Green, A. J. Ross* and *Reuben Conner,* for appellant.

*David W. McKee, Joseph I. Little, Hyatt L. Frost, Hugh Wickens,* and *John E. Osborn,* for appellee.

HADLEY, J.—Appellee sued appellant for damages for the alienation of the affections of appellee's husband, who was the son of appellant. The cause was tried by jury, and judgment rendered in favor of appellee in the sum of $1,000.

The court, on its own motion, instructed the jury as follows: "When it is necessary that an act be done maliciously to be actionable in law for the recovery of damages therefor, such act must be done intentionally and wrongfully, without just cause or legal excuse. In other words, the doing of an act maliciously in cases of actionable tort is the doing of such act or acts purposely, without just cause or legal excuse, to the injury and damage of another."

It is urged that this instruction seeks to instruct the jury, as a matter of law, as to what constitutes malice. That malice, in cases of this character, is a question of fact

1. to be determined by the jury, and not a question of law, is well established by the authorities. *Helwig* v. *Beckner* (1897), 149 Ind. 131; *Newell* v. *Downs* (1847), 8 Blackf. 523; *Wilkinson* v. *Arnold* (1858), 11 Ind. 45; *Ammerman* v. *Crosby* (1866), 26 Ind. 451; *Lawrence* v. *Leathers* (1903), 31 Ind. App. 414. But whether the in-

struction should be construed as appellant contends, or should be taken to be an attempt by the court to define malice for the information of the jury, is immaterial, as in either view it is deficient.

Malice is defined as "a disposition or intent to injure another or others for the gratification of anger, jealousy, hatred, revenge, or the like; active malevolence. A deliberate intention to do evil with or without personal ill-will; a wilfully formed design to do another an injury." Standard Dict.

The jury might be fully warranted in inferring malice from proof of an act done purposely, and without just cause or legal excuse, to the injury of another; but it is not necessarily compelled to do so, since it is conceivable that an act done in such a manner might be entirely lacking in the malevolent animus towards the party injured. It might be true that by strict technical construction the term "legal excuse" could be said to cover every ingredient necessary to constitute malice in the particular case; but this is a construction entirely too subtle for the average juror, and would leave the instruction before us a definition sadly in need of being defined.

The court also instructed the jury that the law presumes that the acts, persuasions and influences of a parent relating to his child were made and exerted in good faith, and with sufficient cause and legal justification; but if it be shown by evidence that such acts and persuasions were without good cause or legal ground, and injury results to another, in such event such parent will be liable therefor in damage. This instruction is clearly erroneous. The mental attitude, design or intention is wholly eliminated. In suits for malicious prosecutions, which are analogous to the case at bar, it is necessary to support the action to show malice and want of probable cause, yet the rule has long been established in this State that proof of want of probable cause alone is not necessarily sufficient to establish

malice and to sustain the action. *Helwig* v. *Beckner, supra; Newell* v. *Downs, supra; Wilkinson* v. *Arnold, supra; Ammerman* v. *Crosby, supra; Lawrence* v. *Leathers, supra.*

In the case of *Newell* v. *Downs, supra,* the court say: ''On the trial, the court, as to the prosecution alleged to have been malicious, instructed the jury that, 'though the plaintiff to sustain his case, must prove both malice and want of probable cause, yet if the jury believed from the evidence, under the charge of the court, that Newell had no probable cause for commencing said prosecution, such want of probable cause was sufficient evidence of malice.' This instruction should not have been given in the unqualified terms in which it is stated, as it tended to mislead the jury. They might well have understood from it, that from simple want of probable cause, they were bound to infer malice, and hence find some damages in favour of the plaintiff. Such seems not to be the law.''

In the case of *Wilkinson* v. *Arnold, supra,* Arnold sued Wilkinson for malicious prosecution. Wilkinson's defense was that he caught Arnold pulling ears of corn from growing stalks in his field. He went to a justice of the peace and related the case. The justice made out an affidavit charging Arnold with a felony. He was tried and acquitted of the charge on the ground that the act of which he was accused was only a misdemeanor. Here was an entire lack of probable cause for the felony charge. The court, in passing upon the case, say: ''In order to sustain the action, it is necessary that the prosecution should have been instituted without probable cause, and also, that it should have been done maliciously. The want of probable cause is not sufficient without malice, nor will malice suffice where there was probable cause. Both malice and the want of probable cause must concur in order to lay the foundation for an action. 2 Greenleaf, Evidence (16th ed.), §453. Malice may be inferred from the want of probable cause, as a matter of fact, but no such inference arises in a matter of

law. The jury may draw such inference, if they see proper, and probably, in most cases, would, but they are not in law bound to do so. *Newell* v. *Downs* [1847], 8 Blackf. 523. Any evidence having a tendency to show probable cause, or rebut any inference or proof of malice, is legitimate. * * * If the prosecution was instituted for a felony instead of a misdemeanor, entirely through the mistake of the justice as to the legal character of the supposed offense, this might well be considered by the jury in determining the question of malice.'' So in this case absence of good cause or legal ground might warrant the jury in finding the existence of malice, but it would not necessarily compel them so to find.

The instruction also falls short of recognizing the distinction between the case at bar and ordinary actionable torts. The rules governing actions against the parent for alienating the affections of his child from the husband or wife give due recognition to the parental relation, and malice is a necessary element of liability. As is quite pertinently expressed in the case of *Workman* v. *Workman* (1909), *post,* 382: ''When a father or mother is charged with the alienation of a husband's or wife's affection, the ''*quo animo*'' is the important consideration. From what motive did the parent act? Was it malicious, or was it inspired by a proper regard for the welfare and happiness of the child? The reciprocal obligations of parent and child last through life, and the duty of discharging them does not cease by the marriage of the child. *Tucker* v. *Tucker* [1896], 74 Miss. 93, 19 South. 955, 32 L. R. A. 623; *Rice* v. *Rice* [1895], 104 Mich. 371, 62 N. W. 833.''

And in the case of *Reed* v. *Reed* (1893), 6 Ind. App. 317, 51 Am. St. 310, the court, speaking of such cases, say: ''When trouble and disagreements arise between the married pair, the most natural promptings of the child direct it to find solace and advice under the parental roof. All legitimate presumptions in such cases must be that the parent will act only for the best interests of the child. The law recog-

nizes the right of the parent in such cases to advise the son or daughter, and when such advice is given in good faith, and results in a separation, the act does not give the injured party a right of action. In such a case the motives of the parent are presumed good until the contrary is made to appear.''

The rules herein laid down are restricted to suits like the present, where it is sought to recover damages from a parent for the alienation of the affections of a child from a wife or husband, and are not applicable to other classes of torts where other rules prevail.

The force and effect of all the instructions bearing upon this element of the case were the same, and in view of the relations of the parties and the contradictory character of the evidence, we cannot say such action was not prejudicial. Many other questions are presented, but, as they may not arise on a retrial, they are not here considered.

Judgment reversed, with instructions to grant a new trial.

Myers, J., not participating.